IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Criminal Action No.  **12-cr-00010-MSK**

UNITED STATES OF AMERICA,

                  Plaintiff,

    vs.

   1. GEORGE H. ASKEW,
   2. ROMELL E. BULLOCK,
   **3. GREGORY A. COLLINS,**
   4. GEORGE A. GADDY,
   5. DELBERT J. GARDNER,
   6. RICHARD W. JOHNSON,
   7. SHEPS H. KHAMSAHU,
   8. ERIC LUGO,
   9. LAWRENCE T. MARTIN,
   10. JOHNIE A. MYERS,
   11. DARRELL R. PARKER,
   12. CALVIN R. RILEY,
   13. COREY L. RILEY,
   14. THOMAS A. SCHRAH, JR.,
   15. JAMES R. SWITZER, and
   16. CLIFFORD M. WRIGHT,

                 Defendants.

---

**MOTION FOR DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANT(S)**

---

COMES NOW, the defendant, Gregory Collins, by and through his CJA appointed counsel, R. Scott Reisch, and hereby moves this Honorable Court for the entry of an Order directing the United States Attorney to disclose the following information about each and every confidential informant utilized in the investigation which resulted in the charges alleged in the instant matter pursuant to Roviaro v. United States, 353 U.S. 53 (1957); Brady v. Maryland, 373

U.S. 83 (1963); <u>People v. McLean</u>, 633 P.2d 513 (1981); Rule 16 Crim. P. and the Due Process clause of the United States Constitution:

1.     The name of the informant(s) and any other names by which the informant(s) are known.

2.     The residential and/or business address of the informant(s).

3.     The criminal record of the informant(s) and any criminal investigation in which the informant(s) was mentioned.

4.     All inducements, promises, compensation or other things of value received by the informant(s) or promised to them in connection with this case, for cooperation with prosecution personnel.  Mr. Collins requests a schedule of any payments made to the informant(s), including:

   a.  dates and amounts of payments;

   b.  who determined how much and whether the informant(s) was to be paid;

   c.  if there was an arrest or a conviction, whether the arrest or conviction affected the amount paid;

   d.  if the informant(s) testified, whether the testimony affected the amount paid.

5.     All charges presently pending against any informant(s), whether in state or federal court(s) which are known to the prosecution or which can be learned of by the use of reasonable diligence.

6.     The contents of all discussions held with these informant(s) by agents of the prosecution, the names of such agents who engaged in the discussion, and all matters that were discussed which could be reasonably construed as an inducement to the informant(s) to cooperate with the prosecution.

7.      The contents of all discussions held with any agent of these informant(s), including their counsel or attorneys, concerning any inducements that were offered or would be offered for cooperation with the prosecution.

8.      Any incentives offered to any members of the family of the informant(s) to induce their cooperation.

9.      Any threats made to the informant(s), to members of their family, or to other persons by prosecution personnel or persons acting on their behalf with their authority or their knowledge to secure cooperation of the informant(s).

10.     All matters known to the prosecution that adversely reflects upon the credibility of the informant(s).

11.     A list of all criminal offenses the prosecution knows about or believes the informant(s) committed.  United States v. Ray, 731 F.2d 1361 (9th Cir. 1984).

12.     Whether the informant(s) is now or ever was a narcotics user or addict.

13.     Whether the informant(s) is now or ever was an alcohol user or addict.

14.     Whether the informant(s) is now or ever was undergoing psychiatric treatment.

15.     Whether the informant(s) is currently on probation or parole; his/her bond status; or whether the informant is under investigation by any law enforcement agency.

16.     Whether there exists any immunity agreement, the letter or grant of immunity, and the extent of immunity offered.

17.     All assurance of lenient treatment during sentencing in any case related to this cause or any other pending criminal matter.

18.     All documents executed by the informant with the prosecution or any law enforcement agency pertaining to and all aspects of the proposed arrangement between the informant and the police and/or prosecution.

19.     Whether the confidential informant has a NADDIS number, and, if so, the reasons for assigning that number including all documentation and information supporting or leading to the assignment of that number.

WHEREFORE, Mr. Collins respectfully requests this Honorable Court to order the United States Attorney to produce all of the above information on the informant(s) in this case.

Dated this 5th day of March, 2012.


Respectfully submitted,


s/ R. Scott Reisch
**R. Scott Reisch**
The Reisch Law Firm, LLC
1490 West 121st Ave., Suite 202
Denver, CO 80234
Telephone:  (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
Cassandra@reischlawfirm.com
Attorney for Defendant Gregory A. Collins

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2012, I electronically filed the foregoing MOTION FOR DISCLOSURE OF INFORMATION REGARDING CONFIDENTIAL INFORMANT(S) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Normando R. Pacheco
- joannasweetpea6@aol.com

- Harvey Abe Steinberg
- law@springersteinberg.com, cambrose@springersteinberg.com

- Guy Till
- guy.till@usdoj.gov, Lisa.Vargas@usdoj.gov, USACO.ECFCriminal@usdoj.gov

- Edward Robin Harris
- Edward_Harris@fd.org, COX_ECF@fd.org, erhafpd@gmail.com

- Douglas Leo Romero
- dougromero@coloradochristiandefensecounsel.com, corinarreola@coloradochristiandefensecounsel.com, sheilasweeney@coloradochristiandefensecounsel.com

- Timothy D. Edstrom
- timedstrom@coloradochristiandefensecounsel.com, timedstrom@hotmail.com

- Miller M. Leonard
- miller@themillerleonardlawfirm.com

- Ariel Zusya Benjamin
- abenjamin@springersteinberg.com

- Eric Michael Lee
- ericlee@coloradochristiandefensecounsel.com

- Charles W. Elliott
- CWEMDEDME@aol.com, hamcwe@yahoo.com

- Darren Randal Cantor
- darren@cantorlaw.net

- Dennis W. Hartley
- Julia@hartleyslaw.com

- Jeffrey Richard Edelman
- jredel@earthlink.net, jmesaros@jeffreyredelmanpc.com

- John Henry Schlie
- johnhenry@schlielawfirm.com

- Jonathan S. Willett
- jwillett@willettlaw.net, kbartell@willettlaw.net

- Joseph Saint-Veltri
- jsvlawoffice@gmail.com

- Ronald John Hahn
- rhahn3677@hotmail.com

- Scott Jurdem
- sj@jurdem.com, jsw@jurdem.com, tlj@jurdem.com, tlr@jurdem.com

- Thomas James Hammond
- hammondlaw@solucian.com

<u>s/ R. Scott Reisch</u>
**R. Scott Reisch**
Attorney for Defendant Gregory A. Collins
The Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
cassandra@reischlawfirm.com