IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. **12-cr-00010-MSK**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
**3. GREGORY A. COLLINS,**
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

    Defendants.

---

**MOTION FOR PRODUCTION OF ALL JENCKS MATERIALS AND
MEMORANDUM BRIEF IN SUPPORT THEREOF**

---

  COMES NOW, the Defendant, Gregory Collins, by and through his CJA appointed counsel, R. Scott Reisch, and hereby moves this Honorable Court to enter an Order requiring the government to produce, prior to trial, all Jencks material. *Jencks v. United States*, 353 U.S. 657 (1957); Jencks Act, 18 U.S.C. Section 3500].

  As grounds for and in support thereof, Defendant states as follows:

1.	The indictment in the instant case charges this Defendant, along with the other defendants, with various alleged violations of the United States Code. The indictment contains multiple, complex counts, and it is obvious that in order for the government to prove these alleged crimes at trial, it will have to call numerous witnesses.

2.	The necessity of pre-trial disclosure of <u>Jencks</u> material by the government in this situation is particularly important due to the complex nature of the charges alleged in the indictment. In a potentially long and complex trial, such as this one, the withholding of <u>Jencks</u> material until each witness has actually testified can be seriously prejudicial to Defendant's trial preparation, so as to deprive him of due process of law and the effective assistance of counsel. <u>United States v. Narciso</u>, 446 F.Supp. 252, 271 (E.D. Mich. 1977).

3.	Further, withholding such <u>Jencks</u> material from the defense until each witness has actually testified can cause lengthy and unwarranted delays in the trial itself in order to permit defense counsel to digest the material provided and prepare for its use.

4.	In *United States v. Percevault,* 490 F.2d 126, 132 (2d Cir. 1974), the Court noted that:

>	. . . in most criminal cases, pretrial disclosure will rebound to the benefit of all parties, counsel and the court. Indeed, some trial management would seem to dictate that Jencks Act material should be transmitted prior to trial, especially in complex cases, so that those abhorrent lengthy pauses at trial to examine documents can be avoided. Id. (citation omitted.)

5. Based upon the above considerations, Defendant respectfully requests that he be furnished with those statements of witnesses to be called by the government, including all notes taken by agents of the Federal Bureau of Investigation, statements signed by witnesses and grand jury testimony of such witnesses, and all writings or memoranda prepared by government prosecutors reflecting pre-trial interviews by the government prosecutors with said witnesses which memoranda were signed by the witness or approved by the witness during the course of the interview or thereafter, that she would be entitled to in the trial of this cause pursuant to 18 U.S.C. Section 3500.

WHEREFORE, Defendant respectfully requests this Court to issue an Order requiring the government to produce any and all Jencks material as soon as possible or in no event less than thirty days before trial.

Dated this 5th day of March, 2012.

Respectfully submitted,

s/ R. Scott Reisch
**R. Scott Reisch**
The Reisch Law Firm, LLC
1490 West 121st Ave., Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
Cassandra@reischlawfirm.com
Attorney for Defendant Gregory A. Collins

# CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2012, I electronically filed the foregoing MOTION FOR PRODUCTION OF ALL <u>JENCKS</u> MATERIALS AND MEMORANDUM BRIEF IN SUPPORT THEREOF with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Normando R. Pacheco
- joannasweetpea6@aol.com

- Harvey Abe Steinberg
- law@springersteinberg.com, cambrose@springersteinberg.com

- Guy Till
- guy.till@usdoj.gov, Lisa.Vargas@usdoj.gov, USACO.ECFCriminal@usdoj.gov

- Edward Robin Harris
- Edward_Harris@fd.org, COX_ECF@fd.org, erhafpd@gmail.com

- Douglas Leo Romero
- dougromero@coloradochristiandefensecounsel.com, corinarreola@coloradochristiandefensecounsel.com, sheilasweeney@coloradochristiandefensecounsel.com

- Timothy D. Edstrom
- timedstrom@coloradochristiandefensecounsel.com, timedstrom@hotmail.com

- Miller M. Leonard
- miller@themillerleonardlawfirm.com

- Ariel Zusya Benjamin
- abenjamin@springersteinberg.com

- Eric Michael Lee
- ericlee@coloradochristiandefensecounsel.com

- Charles W. Elliott
- CWEMDEDME@aol.com, hamcwe@yahoo.com

- Darren Randal Cantor
- darren@cantorlaw.net

- Dennis W. Hartley
- Julia@hartleyslaw.com

- Jeffrey Richard Edelman
- jredel@earthlink.net, jmesaros@jeffreyredelmanpc.com

- John Henry Schlie
- johnhenry@schlielawfirm.com

- Jonathan S. Willett
- jwillett@willettlaw.net, kbartell@willettlaw.net

- Joseph Saint-Veltri
- jsvlawoffice@gmail.com

- Ronald John Hahn
- rhahn3677@hotmail.com

- Scott Jurdem
- sj@jurdem.com, jsw@jurdem.com, tlj@jurdem.com, tlr@jurdem.com

- Thomas James Hammond
- hammondlaw@solucian.com

s/ R. Scott Reisch
**R. Scott Reisch**
Attorney for Defendant Gregory A. Collins
The Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
cassandra@reischlawfirm.com