IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  **12-cr-00010-MSK**

UNITED STATES OF AMERICA,

               Plaintiff,

   vs.

   1. GEORGE H. ASKEW,
   2. ROMELL E. BULLOCK,
   **3. GREGORY A. COLLINS,**
   4. GEORGE A. GADDY,
   5. DELBERT J. GARDNER,
   6. RICHARD W. JOHNSON,
   7. SHEPS H. KHAMSAHU,
   8. ERIC LUGO,
   9. LAWRENCE T. MARTIN,
   10. JOHNIE A. MYERS,
   11. DARRELL R. PARKER,
   12. CALVIN R. RILEY,
   13. COREY L. RILEY,
   14. THOMAS A. SCHRAH, JR.,
   15. JAMES R. SWITZER, and
   16. CLIFFORD M. WRIGHT,

               Defendants.

---

## MOTION FOR SEVERANCE

---

COMES NOW, the Defendant, Gregory Collins, by and through his CJA appointed counsel R. Scott Reisch and moves this Honorable Court to sever his case from the other co-defendants in this matter.  As grounds Mr. Collins states as follows:

### Procedural History

1.      On or about January 9, 2012, Gregory Collins along with fifteen other co-defendants were charged in a Indictment (Doc.# 1).  On January 26, 2012 Mr. Collins appeared for an arraignment and discovery conference.  At the arraignment a plea of not guilty was accepted by the Court.  On February 6, 2012 a superseding indictment was filed against all the co-defendants (Doc. # 180).

3.      On March 27, 2012 the Court held a hearing and granted all counsel until April 20, 2012 to file motions (Doc. # 325).

4.      Defendants number three (3) Gregory A. Collins, defendant number four (4) George A. Gaddy, defendant number eight (8) Eric Lugo, defendant number thirteen (13) Corey L. Riley and defendant number fourteen (14) Thomas A. Scharah, Jr. are currently set for a jury trial to commence on July 30, 2012 at 8:30 a.m.  Additionally, there is a trial preparation conference on July 13, 2012 at 4:00 p.m. and a motions hearing on May 11, 2012 at 10:00 a.m.

5.      Count thirty-one (31) of the superseding indictment alleges Conspiracy to Use and Maintain A Drug Involved Premises in violation of 21 U.S.C. § 846 and 856(a)(1) and (2) and (b).  The following defendants that remain in the case charged are:

        Defendant number three (3) Gregory Collins

        Defendant number four (4) George A. Gaddy,

        Defendant number thirteen (13) Corey L. Riley

        Defendant number fourteen (14) Thomas A. Scharah, Jr.

6.      In count thirty-two (32) of the of the Superseding Indictment it is alleged that the defendants Used and Maintained A Drug Involved Premises in violation of 21 U.S.C. § 856(a)(1) and (2) and (b), Aiding and Abetting pursuant to 18 U.S.C. § 2.  The following remaining defendants are charged:

Defendant number three (3) Gregory Collins

Defendant number four (4) George A. Gaddy

Defendant number eight (8) Eric Lugo

Defendant number thirteen (13) Corey L. Riley

Defendant number fourteen (14) Thomas A. Scharah, Jr.

7.      Eric Lugo, defendant number eight (8) is also charged in count six (6) and seven (7) of the superseding indictment both alleging Possession with Intent to Distribute Cocaine in violation 21 U.S.C. § 841(a)(1) and (b)(1)(C).

8.      Defendant number thirteen (13) Corey Riley is not only charged in count thirty-one and thirty-two of the superseding indictment but is charged in count eleven (11), Maintaining a Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) and (2) and (b). This premises alleged in count eleven is Defendant Riley's residence at 2131 Pontiac Street, Denver, CO.  The defendant Corey Riley is also charged in count twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six and twenty-seven.  In these counts defendant Corey Riley is charged with Possession with Intent to Distribute Cocaine, Possession with Intent to Distribute Marijuana, Possessing Firearm in Furtherance of A Drug Trafficking Felony Offense, Possession with Intent to Distribute More than 500 grams of Cocaine and Conspiracy to Distribute more than 5 Kilograms of Cocaine.

9.      Mr. Collins is a fifty-eight year old Colorado native with virtually no criminal history.  Mr. Collins was convicted of Driving While Ability Impaired three years ago.  He has been married to Kathy Collins his wife of two years and has worked at Jay Hawks Trailers for the last twenty years.  Mr. Collins has been a member of the Hells Lovers Motorcycle Club for

years because he enjoys riding motorcycles.  Mr. Collins does not smoke cigarettes, does not

smoke marijuana and does not do or partake in the use, possession or distribution of controlled

substances.  The only controlled substance that Mr. Collins takes is prescription medication for

his high blood pressure.

### The Law

10.     Rule 8(b) of the Federal Rules of Criminal Procedure provides that: two or more

of the defendants may be charged in the same indictment or information if they are alleged to

have participated in the same act or transaction or in the same serious of acts or transaction

constituting an offense or offenses.  Such defendants may be charged in one or more counts

together or separately and all defendants need not be charged in each count.

11.     Rule 14 of the Federal Criminal Rules of Criminal Procedures provides as

follows:  if it appears that a defendant or the government is prejudiced by a joinder of offenses or

a consolidation for trial appears to prejudice a defendant or the government, the Court may order

separate trials of counts, sever the defendants' trials, or provide any other relief that justice

requires.

12.     The Court in *United States v. McConnell*, 749 F2d. 1441, 1444 (10th Cir. 1984)

stated, "it is axiomatic that defendants may be charged jointly in the same indictment where they

are alleged to have participated in the same act or series of transactions. Rule 8(b), Fed.Rules

Crim.Proc., 18 U.S.C. Defendants charged jointly in such indictments "are not entitled to

separate trials as a matter of right;" *Bailey v. United States,* 410 F.2d 1209 (10th Cir.1969) *cert.*

*denied sub nom., Freeman v. United States,* 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232 (1969).

If prejudice either to the Government or a particular defendant is shown by the joinder, the court

may, in its discretion, "grant a severance of defendants or provide whatever other relief justice

requires." Rule 14, Fed.Rules Crim.Proc., 18 U.S.C.  In determining the merits of a motion for severance, the trial court must weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration. *United States v. Walton,* 552 F.2d 1354 (10th Cir.1977), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977). In as much as severance is a matter of discretion and not of right, the defendant must bear a heavy burden of showing real prejudice to his case. *United States* **\*1445** *v. Parnell, supra* [581 F.2d 1374 (10th Cir.1978) ]; *United States v. Ready,* 574 F.2d 1009 (10th Cir.1978). A decision to deny separate trials under Rule 14 will not be disturbed on appeal in the absence of an abuse of discretion. *United States v. Eaton,* 485 F.2d 102 (10th Cir.1973).... "To establish abuse of discretion more is required than that separate trials might have offered a better chance for acquittal of one or more of the accused." *United States v. Knowles,* 572 F.2d 267 (10th Cir.1978).  Rather, it must be shown that the joinder of either defendants or offenses causes actual or threatened deprivation to an individual's right to fair trial. *United States v. Butler, supra* [494 F.2d 1246 (10th Cir.1974) ].  Of course, a trial court has a continuing duty to insure that prejudice does not occur, and if it does to sever defendants or offenses. *Schaffer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960).

13.     Here, co-defendant Riley's alleged acts took place at his home residence and not at the Hells Lovers Motorcycle Clubhouse.  The majority of the trial if held together will be primarily proving numerous counts against Mr. Riley.  The evidence of Using and Maintaining a Drug house allegedly comes from the allegation that members of the Hells Lover Motorcycle Club allegedly smoked marijuana at social events held and attended by members.  Curiously, not every member who was at the parties was charged.  There has been no evidence produced to date

that shows Mr. Collins was involved in any such conduct by way of participation or encouragement of such conduct.

14.     Mr. Collins, Mr. Riley's and Mr. Lugo's defenses are so antagonistic they are mutually exclusive, such that the jury could not believe the case of one defense without discounting entirely the case of the others, *United States v. Dirder*, 38 F.3d 1131 (10th Circ. 1994).

15.     Here defendant Riley's and defendant Lugo's claim that they are not guilty to the crimes in which they are separately charged from Mr. Collins' will prejudice Mr. Collins because Mr. Lugo and Mr. Riley's defense to the individual counts will look ridiculous.  The amount of evidence against defendants Lugo and Riley is overwhelming and the evidence consists of confidential informants that are making controlled purchases with Mr. Lugo and Mr. Riley. Mainly, if not all, all these transactions are audio and video recorded.

16.     The evidence on counts thirty-one (31) and thirty-two (32) is quite frankly underwhelming.  Standing alone the evidence against Mr. Collins, or lack thereof could be difficult for the U.S. Government to meet their burden of proof beyond a reasonable doubt.

17.     Mr. Collins' concern is that the weight of evidence against Defendant's Riley and Lugo will be prejudice and will spill over to Mr. Collins.

18.     The defenses are antagonistic because it would be anticipated that Mr. Collins would assert at trial that defendants Riley and Lugo are renegade members clearly engaging in illegal conduct outside of the Hells Lovers Motorcycle Club without the knowledge of Mr. Collins.

19.     Essentially, Mr. Collins' attorney anticipates throwing defendants Riley and Lugo under the proverbial bus if there is a joint trial.

20.     Mr. Collins requests the Court to exercise its discretion under Fed.R.Crim.Proc 14 and sever Mr. Collins' trial from co-defendants Corey Riley and Eric Lugo.

**WHEREFORE**, Mr. Collins respectfully request that the Court grant Mr. Collins' Motion for Severance and any other relief the Court deems appropriate.

Dated this 20th day of April, 2012.


Respectfully submitted,



s/ R. Scott Reisch
**R. Scott Reisch**
The Reisch Law Firm, LLC
1490 West 121st Ave., Suite 202
Denver, CO 80234
Telephone:  (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
Cassandra@reischlawfirm.com
Attorney for Defendant Gregory A. Collins

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2012, I electronically filed the foregoing MOTION FOR SEVERANCE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Normando R. Pacheco
- joannasweetpea6@aol.com

- Harvey Abe Steinberg
- law@springersteinberg.com, cambrose@springersteinberg.com

- Guy Till
- guy.till@usdoj.gov, Lisa.Vargas@usdoj.gov, USACO.ECFCriminal@usdoj.gov

- Edward Robin Harris
- Edward_Harris@fd.org, COX_ECF@fd.org, erhafpd@gmail.com

- Douglas Leo Romero
- dougromero@coloradochristiandefensecounsel.com, corinarreola@coloradochristiandefensecounsel.com, sheilasweeney@coloradochristiandefensecounsel.com

- Timothy D. Edstrom
- timedstrom@coloradochristiandefensecounsel.com, timedstrom@hotmail.com

- Miller M. Leonard
- miller@themillerleonardlawfirm.com

- Ariel Zusya Benjamin
- abenjamin@springersteinberg.com

- Eric Michael Lee
- ericlee@coloradochristiandefensecounsel.com

- Charles W. Elliott
- CWEMDEDME@aol.com, hamcwe@yahoo.com

- Darren Randal Cantor
- darren@cantorlaw.net

- Dennis W. Hartley
- Julia@hartleyslaw.com

- Jeffrey Richard Edelman

- jredel@earthlink.net, jmesaros@jeffreyredelmanpc.com

- John Henry Schlie
- johnhenry@schlielawfirm.com

- Jonathan S. Willett
- jwillett@willettlaw.net, kbartell@willettlaw.net

- Joseph Saint-Veltri
- jsvlawoffice@gmail.com

- Ronald John Hahn
- rhahn3677@hotmail.com

- Scott Jurdem
- sj@jurdem.com, jsw@jurdem.com, tlj@jurdem.com, tlr@jurdem.com

- Thomas James Hammond
- hammondlaw@solucian.com

s/ R. Scott Reisch
**R. Scott Reisch**
Attorney for Defendant Gregory A. Collins
The Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
cassandra@reischlawfirm.com