IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. **12-cr-00010-MSK**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
**3. GREGORY A. COLLINS,**
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

        Defendants.

**DEFENDANT GREGORY COLLIN'S RESPONSE TO THE GOVERNMENT'S INTRODUCTION TO *JAMES* PROFFER (#317)**

COMES NOW, the Defendant, Gregory A. Collins, by and through his CJA appointed counsel, R. Scott Reisch, and hereby responds to the Government's Motion Introduction to *James* Proffer (Doc. 317), the Defendant, without conceding that there was a conspiracy, states as follows:

1. Undersigned counsel has reviewed the Government's Motion.

2. As to James Proffer Part II, Statement/Event 1-169, which the government intends to offer against Defendant 3, Mr. Collins, Mr. Collins objects on the basis that these are all out of court statements made by someone other than Defendant 3. There has been no foundation laid to show that any of the declarants, were speaking for or on behalf of Defendant 3. There has been no foundation laid to show that any of the statement/events were in furtherance of Conspiracy A, B, C, D, or E and therefore these statement/events are irrelevant, and prejudicial as to Defendant 3. See FRE 801, 401, 403, 404.

3. As to Paragraph 1 of the Government's Introduction to *James* Proffer, Mr. Collins denies knowledge of, involvement in, or participation with each of the listed conspiracies: **HLMC Clubhouse Conspiracy, HLMC 18 U.S.C. §924(o) Firearms Conspiracy, HLMC 18 U.S.C. §§846 and 841(a)(1) and (b)(1)(A)(B)(C) and (D) Drug Trafficking Conspiracy, HLMC 18 U.S.C. §§ 371 and 922(g) and (n) Prohibited Person with a Firearm Conspiracy, HLMC 18 U.S.C. §§ 4 and 371 Misprison Conspiracy.**

4. As to Paragraph 2-10 of the Government's Introduction to *James* Proffer, Mr. Collin's denies that the information provided by the government establishes the presence of or involvement in any conspiracy by Mr. Collins. Furthermore, the government has failed to satisfy either of the prongs of admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E), i.e., whether one or more conspiracies existed, and whether the speaker was a member of one or more of the conspiracies.

5. As to Paragraph 11-28 of the Government's Introduction to *James* Proffer, the government has failed to provide substantial evidence as to the existence of a conspiracy. Moreover, the government has failed to provide any evidence as to Mr. Collins involvement in or contribution to any alleged common plan or conspiracy.

6. To prove a conspiracy to possess with the intent to distribute narcotics in violation of 21 U.S.C. §846, the government had to prove the following elements: **(1) an agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged coconspirators.** *United States v. Riggins*, 15 F.3d 992, 994 (10th Cir.1994)

7. To convict a defendant under the general conspiracy statute, 18 U.S.C. §371, the government must prove the following elements beyond a reasonable doubt: "**(1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators**." *United States v. Rogers, 556 F.3d 1130, 1138* (10th Cir.)

8. The foundation of a conspiracy is the agreement to commit an unlawful act. An agreement to violate the law may be express or implied. *United States v. Whitney*, 229 F.3d 1296, 1301 (10th Cir.2000)

9. An alleged conspirator must have a "general awareness of both the scope and the objective of the enterprise to be regarded as a conspirator." *United States v. Evans*, 970 F.2d 663, 669 (10th Cir.1992)

10. The touchstone of the analysis, therefore, is whether "the circumstances, acts, and conduct of the parties are of such a character that the minds of reasonable men may conclude therefrom that an unlawful agreement exists." *U.S. v. Wardell*, 591 F.3d 1279 (10th Cir.2009)

11. There has been no evidence provided by the government to show that Mr. Collins explicitly or impliedly entered into an agreement to commit an unlawful act. The mere fact that Mr. Collins is a member of the Hells Lovers Motor Cycle Crew is not dispositive of any unlawful conduct.

12. Nevertheless, "mere association," standing alone, is inadequate; an individual does not "become a member of a conspiracy merely by associating with conspirators known to be involved in crime. *Wardell*, 591 F.3d at 1288.

13. In order for the Government to establish a case of conspiracy against the defendant, it must sufficiently prove that the defendant had a common purpose with his coconspirators to possess and distribute cocaine. *United States v. Kendall*, 766 F.2d 1426, 1431 (10th Cir.1985)

14. As the Court held in *Kendall,* the government would have to prove that Mr. Collins had a common purpose with the co-defendants to possess and distribute cocaine. The government has failed to provide evidence to prove that Mr. Collins was aware of the presence or distribution of cocaine at the HLMC clubhouse. As the government stated in their Introduction to *James* Proffer, "[t]he use of cocaine at the HLMC Clubhouse was less conspicuous."

15. [W]e will not sustain a conspiracy conviction if the evidence does no more than create a suspicion of guilt or amounts to a conviction resulting from piling inference on top of inference. *U.S. v. Powell*, 982 F.2d 1422, 1429 (10th Cir.1992)

16. A defendant's participation in a conspiracy is proven by evidence tending to show that the defendant shared a common purpose or design with his alleged coconspirators. *United States v. Fox*, 902 F.2d 1508, 1514 (10$^{th}$Cir.)

17. The conduct of the alleged coconspirators may be diverse and far ranging, but it must be interdependent in some way. *United States v. Daily*, 921 F.2d 994, 1007 (10th Cir.1990) Interdependence may be found if a defendant's actions facilitated the endeavors of other coconspirators or facilitated the venture as a whole. *Fox*, 902 F.2d at 1514.

18. Nor does one become a member of a conspiracy merely by associating with conspirators known to be involved in a crime. *Id.*

19. We cautiously review conspiracy convictions obtained against broad groups of defendants because guilt is always dependent on personal and individual conduct, not on mere association. *U.S. v. Powell*, 82 F.2d 1422 (10th Cir.1992)

20. The reason is that guilt remains individual and personal, even as respects conspiracies, and is not a matter of mass application. *Fox*, 902 F.2d at 1514.

**WHEREFORE**, Mr. Collins respectfully requests that the Court deny the Government's Introduction to James Proffer as to any statements proffered against Mr. Collins.

Dated this 4th day of June, 2012.

Respectfully submitted,

s/ R. Scott Reisch
**R. Scott Reisch**
The Reisch Law Firm, LLC
1490 West 121st Ave., Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
Cassandra@reischlawfirm.com
Attorney for Defendant Gregory A. Collins

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I electronically filed the foregoing MOTION FOR SEVERANCE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Normando R. Pacheco
- joannasweetpea6@aol.com

- Harvey Abe Steinberg
- law@springersteinberg.com, cambrose@springersteinberg.com

- Guy Till
- guy.till@usdoj.gov, Lisa.Vargas@usdoj.gov, USACO.ECFCriminal@usdoj.gov

- Edward Robin Harris
- Edward_Harris@fd.org, COX_ECF@fd.org, erhafpd@gmail.com

- Douglas Leo Romero
- dougromero@coloradochristiandefensecounsel.com, corinarreola@coloradochristiandefensecounsel.com, sheilasweeney@coloradochristiandefensecounsel.com

- Timothy D. Edstrom
- timedstrom@coloradochristiandefensecounsel.com, timedstrom@hotmail.com

- Miller M. Leonard
- miller@themillerleonardlawfirm.com

- Ariel Zusya Benjamin
- abenjamin@springersteinberg.com

- Eric Michael Lee
- ericlee@coloradochristiandefensecounsel.com

- Charles W. Elliott
- CWEMDEDME@aol.com, hamcwe@yahoo.com

- Darren Randal Cantor
- darren@cantorlaw.net

- Dennis W. Hartley
- Julia@hartleyslaw.com

- Jeffrey Richard Edelman

- jredel@earthlink.net, jmesaros@jeffreyredelmanpc.com

- John Henry Schlie
- johnhenry@schlielawfirm.com

- Jonathan S. Willett
- jwillett@willettlaw.net, kbartell@willettlaw.net

- Joseph Saint-Veltri
- jsvlawoffice@gmail.com

- Ronald John Hahn
- rhahn3677@hotmail.com

- Scott Jurdem
- sj@jurdem.com, jsw@jurdem.com, tlj@jurdem.com, tlr@jurdem.com

- Thomas James Hammond
- hammondlaw@solucian.com

                    s/ R. Scott Reisch
**R. Scott Reisch**
Attorney for Defendant Gregory A. Collins
The Reisch Law Firm, LLC
1490 West 121st Avenue, Suite 202
Denver, CO 80234
Telephone: (303) 291-0555
FAX: (720) 904-5797
E-mail: rscottreisch@att.net
cassandra@reischlawfirm.com