IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. **12-cr-00010-MSK**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. **GREGORY A. COLLINS,**
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN R. RILEY,
13. COREY L. RILEY,
14. THOMAS A. SCHRAH, JR.,
15. JAMES R. SWITZER, and
16. CLIFFORD M. WRIGHT,

        Defendants.

---

**MOTION FOR A DOWNWARD VARIANCE
FROM ADVISORY GUIDELINES RANGE SENTENCE**

---

        COMES NOW, the Defendant, Gregory R. Collins, by and through his CJA appointed counsel, R. Scott Reisch, and moves for a variance from the advisory guidelines range in consideration of the factors set forth at 18 U.S.C. §3553(a). In support of this motion, Mr. Collins asserts as follows:

## VARIANCES AND DEPARTURES IN THE AFTERMATH OF BOOKER

### General Sentencing Considerations as a Result of Booker

The Supreme Court, in *United States v. Booker,* 543 U.S. 220, 243-44 (2005), found that the mandatory application of the sentencing provisions in 18 U.S.C. §3553(b)(1) violated the Sixth Amendment when facts increasing the sentence were found by the judge, rather than admitted by the defendant or found by a jury beyond a reasonable doubt.  As a remedy, the Court severed and excised 18 U.S.C. §3553(b)(1), which had required sentencing courts to impose a sentence within the applicable range under the Federal sentencing guidelines, subject to departures in limited cases.  *Id.* At 245-46.  As a result, the guidelines are now advisory in all cases.  *Id.*

In the wake of *Booker*, sentencing courts "must treat the guidelines as just one of a number of sentencing factors."  *United States v. Ranum,* 353 F. Supp. 2d 984, 985 (E.C. Wisc. 2005); *see also United States v. Crosby,* 397 F.3d 103, 113 (2d Cir. 2005) (holding that it is not useful to determine in advance the weight sentencing judges should give to applicable Guidelines ranges, because it is "more consonant with the day to day role of district judges in imposing sentences and the episodic role of appellate judges in reviewing sentences … to permit the concept of 'consideration' in the context of the applicable Guideline range to evolve"); *United States v. Myers,* 353 F.Supp. 2d 1026, 1028 (S.D. Iowa 2005) (finding *Ranum* persuasive because "to treat the Guidelines as presumptive is to concede the converse, i.e., that any sentence imposed outside the Guideline range would be presumptively unreasonable in the absence of clearly identified factors … [and] making the Guidelines, in effect, still mandatory"); *United States v. West,* 383 F.Supp. 2d 517, 520-22 (S.D.N.Y. 2005).  (In wire fraud case, where stipulated guideline range was 57-71 months, court sentenced defendant to statutory minimum of

60 months, following *Ranum* in holding that Guidelines are only one factor to consider); *United States v. Huerta-Rodriguez,* 355 F.Supp. 2d 1019, 1025 (D. Neb. 2005)  ("The court cannot adopt the position advanced by the government that a criminal sentence should fall within the guidelines range, absent highly unusual circumstances.  Such wholesale application of the guidelines as per se reasonable effectively converts the now advisory guidelines to mandatory guidelines triggering unconstitutionality in the same way the Washington guidelines did in *Blakely*.").

Although district courts must continue to consider the Sentencing Guideline ranges, they have latitude to depart from the resulting Guideline ranges in accordance with the factors codified at 18 U.S.C. §3553(a).  *See United States v. Magallanez,* 408 F.3d 672, 685 (10th Cir.), *cert. denied,* 126 S.Ct. 486 (2005); *see also United States v. Herula,* 464 F.3d 1132 (10th Cir. 2006).

Prior to *Booker,* courts were generally prohibited from considering a defendant's age, education and vocational skills, family ties and responsibilities, socioeconomic status, civic, charitable, or public service, and other personal characteristics.  *See* U.S.S.G. §§5H1.1-6, 10-12. As a result of *Booker*, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Magallanez,* 408 F.3d at 684 (*quoting* 18 U.S.C. §3661).  Thus, a consideration of all the §3553(a) factors must be analyzed as part of the court's decision-making process since §3553(a)'s primary directive is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing."  *United States v. Ranum,* 353 F.Supp. 2d at 285

(*quoting* 18 U.S.C. §3553(a)).  The sentencing purposes articulated in 18 U.S.C. §3553(a) that are applicable here are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> > a.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > b.  to afford adequate deterrence to criminal conduct;
> >
> > c.  to protect the public from further crimes of the defendant; and
> >
> > d.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> \* \* \*
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

### Variances and Departures

The Tenth Circuit recently reiterated the Guidelines distinction between **departures** and **variances:**

> When a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a "departure."  When a court enhances or detracts from the recommended range through application of §3553(a) factors, however, the increase or decrease is called a "variance."

*United States v. Atencio,* 476 F.3d 1099, 1101 (10th Cir. 2007); *see also Untied States v. Cage,* 451 F.3d 585, 591 n.2 (10th Cir. 2006).

Because sentencing courts in considering departures must by necessity consider the factors set forth in 18 U.S.C. §3553(a), there is overlap between sentencing factors involving departures and variances.  Mr. Collins asserts that his circumstances justify a downward variance from the advisory sentencing range.

## A DOWNWARD VARIANCE IS APPROPRIATE PURSUANT TO 18 U.S.C. §3553(a)

In determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing, the following § 3553(a) factors and circumstances should be considered:

### The Nature and Circumstances of the Offense

As the Presentence Investigation Report notes at page 3, Mr. Collins pled guilty to Count Nine of the Second Superceding Indictment, Conspiracy to Commit Misprision of Felony, in violation of 18. U.S.C. §§ 4 and 371. On January 26, 2012, Mr. Collins was released on a $10,000 unsecured bond with U.S.  Mr. Collins is currently being supervised by U.S. Probation Officer, MariJo Paul.  According to Mr. Paul, the Mr. Collins has been compliant with all conditions of his release, and he has maintained stable residence and employment.  Additionally, all urinalyses submitted have been negative.

### Mr. Collins's History and Characteristics

Mr. Collin is 59 years of age; born in Wichita, Kansas. Mr. Collins has lived in Colorado most of his life, as he moved to Colorado with his family before he started high school. He is one of four children to his parents, Charlie and Annie Ree Collins.  He described his family as being "close-knit." Mr. Collins has six adult children: Antoinette and Maurice who are both 39-years-

old; and Alanthia, Tawana, Shamia, Shirawn, who are all in their 30s.  Antoinette, Shamia, Shirawn, and Tawana live in Denver, Colorado.  Alanthia lives in Dallas, Texas. Maurice lives in Reno Valley, California.  In total, Mr. Collins has 18 or 19 grandchildren that he sees on a regular basis. Mr. Collins has been employed by Jayhawk Trailers for 21 years; currently, he is employed as a supervisor.

Mr. Collins has been a member of The Hell's Lover Motorcycle Club (hereinafter HLMC) since 1989. Mr. Collins joined HLMC because of his passion for riding motorcycles as well as his passion for traveling. For a brief period of time, from 2000 to 2001, Mr. Collins served as the Vice President of the Colorado Chapter of the HLMC. After that, Mr. Collins sat on the Board for the HLMC, which essentially meant that he was entitled to a vote at the club meetings. Mr. Collins was never a National Member, as you had to have served as President for one of the HLMC Chapters before you could become a National Member. Mr. Collins was however part of the Corrupt Crew and did have a patch on his motorcycle jacket. The Corrupt Crew Patch was in essence a patch of loyalty. A member can only receive a Corrupt Crew patch one if they are a dues paying member of the club for a substantial period of time. Even when Mr. Collins was at his peak as an active HLMC member, his time spent at the clubhouse would be limited to weekends since he worked full-time during the week. However, when Mr. Collin's married his wife Cathy Grooms in September of 2010, he took a step back from the Hell's Lovers Motorcycle Club lifestyle, as he and his wife spend a majority of their time traveling or spending time with each other at the house on the weekends.  To date the Colorado Chapter of the HLMC is still an active motorcycle club that holds regular meetings at their club house. However, since the indictment was filed in this case, Mr. Collins has not been active in the organization.

### The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

Mr. Collins does not seek to depreciate the seriousness of the offense for which he has pled guilty. Rather than simply imposing a sentence of imprisonment of 0-6 months in accordance with the now Advisory Sentencing Guidelines, the Court can impose a reduced sentence of probation that will reflect the seriousness of the offense, promote the law and provide just punishment for Mr. Collins. Mr. Collins fully accepts responsibility for the conduct of his actions. Mr. Collins realizes the seriousness of failing to report the activity of marijuana trafficking by members in his motorcycle club to law enforcement. Mr. Collins wants to be a positive role model not only for his children, but for others in the community and is taking positive steps to make sure that he takes full responsibility for his actions. Mr. Collins has taken the first step toward acceptance of responsibility as demonstrated by his plea of guilty.

### Afford Adequate Deterrence to Criminal Conduct

The sentencing recommendation from the probation officer is a recommendation of probation for two (2) years with the following special conditions: 1) while on probation, Mr. Collins shall not possess a firearm, and shall not commit another federal, state, or local crime; 2) Mr. Collins shall not unlawfully possess or use a controlled substance, and shall submit one drug test within 15 days of placement on probation and two periodic drug tests thereafter; and 3) upon direction of the probation officer, Mr. Collins shall cooperate in the collection of DNA. Such a lengthy probationary sentence is not necessary to deter Mr. Collins from engaging in the conduct that has brought him here before the Court. All of the foregoing serves as more than adequate deterrence to any further criminal conduct.

The applicable guideline range for Mr. Collins is in Zone A; therefore, Mr. Collins is eligible for 0-3 years probation. A period of probation will not serve as a further deterrent to Mr.

Collins, as he had almost no criminal history prior to this matter and has been in strict compliance with pre-trial services throughout the pendency of this case. Furthermore, Mr. Collins will not gain from any educational or vocational training offered through probation as he has been employed by the same employer, Jayhawk Trailers for 21 years and is planning on retiring in the near future. Prolonging the supervised period to include a probationary sentence will serve no additional purpose in this matter.

### To Protect the Public from Further Crimes of the Defendant

Mr. Collins is a 59-year-old man with a limited criminal history (two misdemeanor convictions), minor mental health or substance abuse issues, who has maintained steady employment for 21 years. Additionally, since being on pretrial supervision on January 26, 2012, Mr. Collins has been in compliance with all of his conditions of release. Northing in Mr. Colllins' history or character indicates he poses a future risk to the public.

### The Need to Provide Restitution

Restitution is not applicable. *See* PSI at page R-1.

### The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

The concept of a heartland, or similarity among cases, is a part of the statutory sentencing factor in avoiding sentencing disparity, and is a proper consideration in sentencing under the advisory sentencing guidelines when applied in a discretionary fashion. 18 U.S.C. § 3553(a)(6); United States v. Galaraza-Payan, 441 F.3d 885 (10th Cir.) cert. denied, 127 Sup. Ct. 434 (2006).

Lawrence T. Martin, was convicted in this case, for Using and Maintaining Drug-Involved Premises Aiding and Abetting.  Unlike Mr. Collins offense, where the offense level was a 2 and a criminal history category 1, Mr. Martin's offense level was a 10 and his criminal history level was a 1 and he was sentenced to 1 year of probation. Additionally, Thomas A.

Schrah, Jr., was convicted of a similar offense to Mr. Collins in this case, and was sentenced to time served and a $100 fine.

## CONCLUSION

In imposing a sentence that is fair, just and appropriate under 18 U.S.C. § 3553 (a):

> The court should consider the purposes of sentencing, including the
> need for just punishment, the need for deterrence, protection of the
> public, and the rehabilitation of the defendant. [citations omitted]. If
> the nature of the offense and the character of the defendant tend to
> show that no end other than punishment will be served by imprisonment,
> if there is no threat to the community, and if society will ultimately benefit by
> allowing the defendant to care for his or her family, a departure is warranted.

*United States v. Norton,* 218 F. Supp. 2d 1014, 1020 (D. Wis. 2002). Mr. Collins asserts that, in consideration of the foregoing factors, a downward variance is warranted. Mr. Collins requests that he be afforded credit for time served, as he has been under the supervision of the Court and pre-trial services for approximately 16 months.

Mr. Collins respectfully requests that this Honorable Court grant him a downward variance from the advisory guidelines pursuant to 18 U.S.C. § 3553(a), and for such further relief as this Honorable Court finds just and proper.

Dated this 16th day of May, 2013.

                                        Respectfully submitted,

                                        <u>s/ R. Scott Reisch</u>
                                        **R. Scott Reisch**
                                        The Reisch Law Firm, LLC
                                        1490 West 121st Ave., Suite 202
                                        Denver, CO 80234
                                        Telephone:  (303) 291-0555
                                        FAX: (720) 904-5797
                                        E-mail: <u>rscottreisch@att.net</u>
                                        <u>Cassandra@reischlawfirm.com</u>
                                        Attorney for Defendant Gregory A. Collins

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2013, I electronically filed the MOTION FOR A DOWNWARD VARIANCE FROM ADVISORY GUIDELINES RANGE SENTENCE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Normando R. Pacheco
- joannasweetpea6@aol.com

- Harvey Abe Steinberg
- law@springersteinberg.com, cambrose@springersteinberg.com

- Guy Till
- guy.till@usdoj.gov, Lisa.Vargas@usdoj.gov, USACO.ECFCriminal@usdoj.gov

- Edward Robin Harris
- Edward_Harris@fd.org, COX_ECF@fd.org, erhafpd@gmail.com

- Douglas Leo Romero
- dougromero@coloradochristiandefensecounsel.com, corinarreola@coloradochristiandefensecounsel.com, sheilasweeney@coloradochristiandefensecounsel.com

- Timothy D. Edstrom
- timedstrom@coloradochristiandefensecounsel.com, timedstrom@hotmail.com

- Miller M. Leonard
- miller@themillerleonardlawfirm.com

- Ariel Zusya Benjamin
- abenjamin@springersteinberg.com

- Eric Michael Lee
- ericlee@coloradochristiandefensecounsel.com

- Charles W. Elliott
- CWEMDEDME@aol.com, hamcwe@yahoo.com

- Darren Randal Cantor
- darren@cantorlaw.net

- Dennis W. Hartley
- Julia@hartleyslaw.com

- Jeffrey Richard Edelman
- jredel@earthlink.net, jmesaros@jeffreyredelmanpc.com

- John Henry Schlie
- johnhenry@schlielawfirm.com

- Jonathan S. Willett
- jwillett@willettlaw.net, kbartell@willettlaw.net

- Joseph Saint-Veltri
- jsvlawoffice@gmail.com

- Ronald John Hahn
- rhahn3677@hotmail.com

- Scott Jurdem
- sj@jurdem.com, jsw@jurdem.com, tlj@jurdem.com, tlr@jurdem.com

- Thomas James Hammond
- hammondlaw@solucian.com

           s/ R. Scott Reisch
           **R. Scott Reisch**
           Attorney for Defendant Gregory A. Collins
           The Reisch Law Firm, LLC
           1490 West 121st Avenue, Suite 202
           Denver, CO 80234
           Telephone: (303) 291-0555
           FAX: (720) 904-5797
           E-mail: rscottreisch@att.net
           cassandra@reischlawfirm.com