```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
 2
     Criminal Action No. 12-cr-00010
 3
     UNITED STATES OF AMERICA,
 4
          Plaintiff,
 5
     vs.
 6
     GREGORY A. COLLINS,
 7
          Defendant.
 8   _____

 9                        REPORTER'S TRANSCRIPT
                       (Sentencing Hearing:  Order)
10   _____

11        Proceedings before the HONORABLE MARCIA S. KRIEGER,

12   Judge, United States District Court for the District of

13   Colorado, commencing at 10:02 a.m., on the 25th day of July,

14   2013, in Courtroom 901A, United States Courthouse, Denver,

15   Colorado.

16                             APPEARANCES

17        GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

18   Suite 700, Denver, Colorado, 80202, appearing for the

19   Plaintiff.

20         R. SCOTT REISCH, Attorney at Law, 1490 West 121st

21   Avenue, Suite 202, Denver, Colorado, 80234, appearing for the

22   Defendant.

23
                     THERESE LINDBLOM, Official Reporter
24                901 19th Street, Denver, Colorado 80294
                Proceedings Reported by Mechanical Stenography
25                  Transcription Produced via Computer
```

1            (The following proceedings were had and entered of
2     record after the Court heard the arguments of counsel and
3     statement of defendant:)
4            *THE COURT:*  Thank you.
5            Then I'll announce the sentence I intend to impose.
6     Of course, counsel, you'll have a final opportunity to make
7     legal objections before judgment is entered.  And if you
8     believe that the sentence I describe is premised on error or if
9     I raise an issue you haven't had adequate opportunity to
10    address, I invite you to request a continuance.
11           Imposition of a sentence in a federal criminal case is
12    governed by a number of statutes.  The umbrella statute is 18
13    U.S.C. Section 3553.  In imposing sentence in this case, I
14    consider the objectives and the factors that are set forth in
15    that statute.  The statute requires that the sentence I impose
16    be sufficient but not greater than necessary to satisfy a
17    number of objectives.  The sentence must reflect the
18    seriousness of the offense; promote respect for the law;
19    provide just punishment; adequately deter criminal conduct;
20    protect the public from further crimes by the defendant; and
21    provide the defendant with needed educational or vocational
22    training, medical care, or other correctional treatment in the
23    most effective manner.
24           To fashion a sentence that meets these objectives, the
25    statute directs me to consider particular factors:  The nature

1   and circumstances of the offense; the history and
2   characteristics of the defendant; the kinds of sentences that
3   are available; the sentence prescribed by the federal
4   sentencing guidelines; the need to avoid unwarranted sentence
5   disparities among defendants with similar records found guilty
6   of similar conduct; and in the appropriate case, the need for
7   restitution.
8         At the beginning of this hearing, I identified those
9   documents I had studied in preparing for the hearing, confirmed
10  with counsel that they and the defendant had had an opportunity
11  to consider those documents as well, confirmed that there were
12  no objections to the facts stated in the presentence report or
13  to the calculation under the guidelines.  There is a request
14  for a variance, but there is no request for any departure.
15        The place we start with regard to calculation of a
16  sentence is in accordance with the provisions of the federal
17  sentencing guidelines.  The Base Offense Level here for
18  violation of 18 U.S.C. Section 371 is set by sentencing
19  guideline Section 2X1.1.  And this section directs that the
20  Court use the base offense level from the substantive offense
21  plus any adjustments.  Here, the substantive offense is
22  misprision of a felony.  The United States Sentencing
23  Commission guideline for violation of 18 U.S.C. Section 4 is
24  Section 2X4.1, and the section states that the base offense
25  level is nine levels lower than the offense level for the

1  underlying offense, but in no event less than 4.  So here, it's
2  4.
3         There are no victim-related adjustments, no
4  adjustments for role in the offense, no adjustments for
5  obstruction of justice.  There are -- the offense level is
6  decreased by two levels, which is because the defendant has
7  accepted responsibility, and that results in a Total Offense
8  Level of 2.
9         The next component under the guideline calculation is
10 the calculation of criminal history.  The defendant has one
11 criminal history point, and that puts him in Criminal History
12 Category I.  With Criminal History Category I and an offense
13 level of 2, the guidelines recommend a custodial period of 0 to
14 6 months, supervised release of 1 to 3 years, probation of 1 to
15 3 years, a fine of 100 to $5,000, and special assessment of
16 $100 is recommended by statute.
17        The Government has asked for a probationary period of
18 at least 2 years.  That's consonant with the recommendation of
19 the probation officer.  The defendant has asked for a variant
20 sentence of, essentially, time served, no custodial period, no
21 supervised release, and no probation going forward.
22        This is a very low sentence calculation, and I realize
23 what has -- is being argued about is essentially whether there
24 is going to be probation or not.  The reason I asked the
25 questions that I did of Mr. Collins is because I wanted to be

1   sure that I understood whether Mr. Collins was going to be able
2   as well as be disinclined to associate with another version or
3   another motorcycle club.
4          My observation is this:  Mr. Collins standing before
5   the Court, I believe, truly does -- is not interested in
6   participating in a motorcycle club like the Hells Lovers
7   motorcycle club.  But I'm not concerned about today.  I'm
8   concerned about tomorrow and the next day and the day after
9   that, and he can change his mind.  And I'm also concerned that
10  he's preserved the opportunity to do that.  He has access to
11  two Harleys.  And they haven't been disposed of in either of
12  the bankruptcy cases, even though they are unencumbered.
13  Instead, they've been given in satisfaction or security to
14  Mr. Collins' dad.  And when he passed away, there is an
15  understanding that they belong to his mom.
16         Now, his mom doesn't ride Harleys, but he does.  So
17  what I see is that although today Mr. Collins really doesn't
18  want to be involved in a club, he still wants to preserve the
19  ability to ride the Harleys, and that creates the risk that at
20  some point he may want to be involved in a club in the future.
21  He may not think so today, but nothing prevents him from
22  changing his mind tomorrow or next week, except probation.  And
23  one of the thoughts that I had in looking at a sentence here
24  was a fine in lieu of probation.  But the only unencumbered
25  assets are those Harleys, and he's not willing to get rid of

1   them.

2   So I respect that, but I think under these
3   circumstances, because he has not really divested himself of
4   the ability to participate in the club, or a similar club, and
5   he has been involved for a very long time with this
6   organization, that a probationary term is appropriate.  And
7   moreover and more importantly, I think there should be a
8   condition in the terms of probation that prohibits him from
9   belonging to an organization engaged in any illegal activity.

10  And that means, Mr. Collins, that if you decide you
11  want to ride with your buds, you better be sure you're not
12  doing anything illegal.

13  I intend to impose a 2-year period of probation.  I
14  find that there is an inability to pay a fine, and therefore, I
15  do not intend to impose a fine.  I intend to impose the
16  standard conditions of -- standard conditions for a
17  probationary term and a special assessment of $100.

18  Any need for clarification, further explanation, or a
19  request for a continuance?

20  *MR. TILL:*  Not from the Government, Your Honor.

21  *MR. REISCH:*  Not on behalf of Mr. Collins, Your Honor.
22  Thank you.

23  *THE COURT:*  Thank you.

24  Ms. Glover, I'm having problems finding the sentencing
25  statement again.

1        *COURTROOM DEPUTY:*  Okay.

2        *THE COURT:*  Can you check?

3        *COURTROOM DEPUTY:*  Sure.

4        I'll just bring you one.  That will make it easier.
5   Ms. Means had an extra one.

6        *THE COURT:*  Thank you.  Thank you very much.

7        Then having determined the sentence in accordance with
8   the provisions of 18 U.S.C. Section 3553, pursuant to the
9   Sentencing Reform Act of 1984, it is the judgment of the Court
10  that the defendant, Gregory A. Collins, be placed on probation
11  for a term of 2 years.  While on probation, he will not commit
12  another federal, state, or local crime; he will not possess any
13  firearm as defined in 18 U.S.C. Section 921; and he will comply
14  with the standard conditions that have been adopted by the
15  Court.  There is no fine or restitution; and therefore, there
16  will be no condition related to that.

17        He will not unlawfully possess a controlled substance.
18  He will refrain from any unlawful use of a controlled
19  substance.  He will submit to at least one drug test within 15
20  days of placement on probation and at least two periodic tests
21  thereafter.  He'll cooperate in the collection of DNA as
22  directed by the probation officer. And I impose a special
23  condition that prohibits him from associating -- association
24  with any organization or group engaged in illegal activity.  He
25  will pay a special assessment of $100.  No fine is imposed, but

1  the special assessment is due and payable immediately.

2  　　　　To the extent, Mr. Collins, that you have reserved a
3  right to appeal your sentence, you must exercise that right
4  within 14 days by filing a notice of appeal.  If your attorney,
5  Mr. Reisch, is unable to file or unwilling to file the notice
6  of appeal for you, you may request and I will direct the Clerk
7  of the Court to file a notice of appeal on your behalf.

8  　　　　Mr. Collins' bond will be exonerated.  Is there any
9  further business to bring before the Court?

10 　　　　*MR. TILL:*  No, Your Honor.

11 　　　　*MR. REISCH:*  No, Your Honor.  Thank you for your time.

12 　　　　*THE COURT:*  Thank you, Mr. Till; thank you,
13 Mr. Reisch; thank you to our probation officer, our marshal
14 staff, and our court staff.

15 　　　　Good luck to you, Mr. Collins.  We'll stand in recess.

16 　　　　(Recess at 10:33 a.m.)

17 　　　　　　　　　　　REPORTER'S CERTIFICATE

18

19     I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
20

21     Dated at Denver, Colorado, this 26th day of July, 2013.

22 　　　　　　　　　　　　　　　　s/Therese Lindblom

23 　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Therese Lindblom,CSR,RMR,CRR
24

25