IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GREGORY A. COLLINS,

    Defendant.
_____

**REPORTER'S TRANSCRIPT**
CHANGE OF PLEA
_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 10:03 a.m., on the 1st day of November, 2012, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the Plaintiff.

    R. SCOTT REISCH, Attorney at Law, 1490 West 121st Avenue, Suite 202, Denver, Colorado, 80234, appearing for the Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

```
 1                    P R O C E E D I N G S
 2           THE COURT:  Court is convened this morning in Case No.
 3   12-cr-10.  This is encaptioned the United States of America v.
 4   Gregory A. Collins.  The matter was set down for a change of
 5   plea hearing.
 6           Could I have entries of appearance, please.
 7           MR. TILL:  Good morning, Your Honor.  I'm Guy Till.
 8   I'm an assistant U.S. attorney representing the Government.
 9   Also present at counsel table is ATF Special Agent Jason Cole,
10   Your Honor.
11           THE COURT:  Good morning and welcome.
12           MR. TILL:  Thank you, Your Honor.
13           MR. REISCH:  Good morning, Your Honor.  Scott Reisch
14   on behalf of the defendant, Gregory Collins, who is present to
15   my left.
16           THE COURT:  Good morning and welcome.
17           I understand that despite the filing of a notice of
18   disposition, the parties have not reached a plea agreement; is
19   that correct?
20           MR. REISCH:  In one word, yes, Your Honor.
21           THE COURT:  All right.  Then we need to set this
22   matter for trial.
23           MR. REISCH:  Your Honor, if I may elaborate?
24           THE COURT:  Sure.
25           MR. REISCH:  Please.
```

1      Your Honor, we did on behalf of Mr. Collins file a
2 notice of disposition in this matter, Document 544, on July 2.
3 I believe a lot of thought and time went into the preparation
4 of that disposition.  However, as we continued to meet, it
5 became very clear that it would be very unlikely that
6 Mr. Collins would be able to make it through the change of plea
7 inquiry that the Court goes through.  I informed Mr. Till of
8 that fact via e-mail, I believe, Saturday or Sunday, shortly
9 after I was aware of his decision, and filed a notice of
10 disposition, Document No. 723, in this particular matter.
11      I have since had further conversations with Assistant
12 United States Attorney, Mr. Till.  And we believe that,
13 perhaps, if the Court would allow me to make an oral motion to
14 withdraw my Document No. 723, and I can follow up with a
15 written document with this request, but -- and allow the notice
16 of disposition to stand, I believe if we can have a little more
17 time, I think a little more communication on both sides, that
18 we may be able to resolve it.  And, obviously, if we can't, at
19 least we know everyone has exhausted everything possible, and
20 then we can set it for trial if the Court would be so inclined.
21      *THE COURT:*  How much time is left on speedy trial?
22      *MR. REISCH:*  Your Honor, I was trying to calculate
23 that.  Mr. Till has a specific number.  It was --
24      *MR. TILL:*  Your Honor, I'm sorry, I didn't calculate a
25 specific number of days.  But I believe that basically, since

1   they filed their notice of disposition, all of that time since
2   July has been tolled.
3           *THE COURT:* Correct.  But now there is a request for
4   some further time to negotiate, and there is no provision of
5   speedy trial that I'm aware of that allows for excluded time
6   for that purpose.
7           *MR. TILL:* Well, Your Honor, I think basically,
8   they're saying that they would like to allow their notice of
9   disposition to remain on the books.
10          *THE COURT:* No.  You either have a deal, or you don't
11  have a deal.  That's the bottom line.
12          *MR. TILL:* Okay.
13          *THE COURT:* So what I'm trying to find out is how much
14  time is left on speedy trial.
15          *MR. TILL:* Okay.  I believe until today, there is a
16  motion pending now, the motion to withdraw their notice of
17  disposition -- I guess the Court will rule on that today.
18          *THE COURT:* Uh-huh.
19          *MR. TILL:* They are joined with co-defendants still.
20  There is excludable time based on the motions that were filed
21  and eventually ruled upon with regard to Corey Riley.  There is
22  also excludable time, in my opinion, I believe because
23  Mr. Gaddy at the present time is still joined with the
24  defendant.  Mr. Gaddy is pending an evaluation, and I believe
25  that the report on him is due, I think in -- if I recall

 1   correctly, Your Honor, about two weeks from now.  So,
 2   basically, Your Honor, I think pretty much going way back when,
 3   when the first motions were filed in this case until today, the
 4   time has been excluded by pending motions.  And Mr. -- Corey
 5   Riley is set for change of plea on November 29.  I believe he
 6   will enter his change of plea at that point.
 7          Mr. Gaddy, you know, I've met with him, and I
 8   understand the concerns of -- about his situation.  But I
 9   believe that he probably -- the Court will get a report, and
10   we'll have a hearing with respect to that report.  And then at
11   that point, we can set Mr. Gaddy and Mr. Collins for trial
12   together, if they're inclined to go to trial.
13          *THE COURT:*  Is it your view that the toll of speedy
14   trial with regard to a competence determination applies to a
15   co-defendant?
16          *MR. TILL:*  It's my understanding it does, Your Honor.
17   Still joined with that -- until Saturday, when we -- I think
18   talked on the phone or Friday, I'm not sure what day that was
19   when we spoke on the phone, I wasn't aware that Mr. Collins was
20   going to become an active defendant in the case again.  But my
21   understanding is that if you are joined with another defendant,
22   and there are motions pending, and if there is a motion to
23   determine his competency pending, until he's severed from
24   Mr. Gaddy, then the time of one pending motion would cover
25   everybody who is still in the case and joined as a

1   co-defendant.

2         I think one of the things that the defendant decided

3   to go forward, and Mr. Gaddy had a prolonged period of -- turns

4   out the report said he needs more time, needs another 45 days

5   or 90 days.  I would expect the defendant would file a motion

6   to sever himself from Mr. Gaddy to try to get on his own clock.

7   But right now, I believe he is still on the clock with

8   Mr. Gaddy, and Mr. Gaddy has a pending motion that is still

9   tolled.

10         *THE COURT:*  I understand your position, thank you.

11         Mr. Reisch.

12         *MR. REISCH:*  Your Honor, I apologize, I can't give the

13   Court the exact time.  I do recall, though, that Mr. Collins,

14   on his behalf, we filed a motion for severance earlier in this

15   case.  Obviously, it was withdrawn, or denied as moot, I

16   believe, once we filed a notice of disposition.  Not knowing

17   who would still be in the case, I believe that I would have

18   to --

19         *THE COURT:*  Reinstate that?

20         *MR. REISCH:*   -- reinstate that, to have that issue

21   resolved, Your Honor.

22         *THE COURT:*  Ms. Glover, can you check the docket to

23   see what motions were filed by Mr. Collins -- looks like we

24   have a couple of things.  We've got a *James* proffer.

25         *COURTROOM DEPUTY:*  Judge, 379 is the motion to sever.

1           *THE COURT:*  Okay.

2           *COURTROOM DEPUTY:*  378 is a motion for bill of

3    particulars.

4           *THE COURT:*  Okay.

5           Mr. Reisch, are you familiar with any other motions

6    that are out there?  It looks like you also have an objection

7    to the *James* proffer.

8           *MR. REISCH:*  I believe that was it, Your Honor.

9           *THE COURT:*  Okay.  Well, it looks like those motions,

10   you'd like to reinstate, correct?

11          *MR. REISCH:*  Yes, please, Your Honor.

12          *THE COURT:*  All right.  Any objection?

13          *MR. TILL:*  No, Your Honor.

14          *THE COURT:*  Okay.  Those motions are reinstated, and

15   as such, they now toll speedy trial.  The notice of disposition

16   is deemed withdrawn.  You may be able to negotiate a plea

17   agreement that is acceptable to everyone, but I would caution

18   you, please don't file a notice of disposition until the terms

19   are nailed down and signed off.

20          *MR. REISCH:*  I understand completely, Your Honor.

21          *THE COURT:*  All right.

22          *MR. TILL:*  I understand, Your Honor.

23          *THE COURT:*  Then I think that's all we can do today.

24   Anything else?

25          *MR. TILL:*  No, Your Honor.

1          *MR. REISCH:*  No, Your Honor.

2          *THE COURT:*  Thank you very much.  We'll stand in

3    recess.

4          *MR. REISCH:*  Thank you.

5          (Recess at 10:13 a.m.)

6                      REPORTER'S CERTIFICATE

7

8        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
9

10        Dated at Denver, Colorado, this 23rd day of August, 2013.

11                                  s/Therese Lindblom

12                                  _____
                                    Therese Lindblom,CSR,RMR,CRR
13