IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GREGORY A. COLLINS,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
CHANGE OF PLEA
_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 2:34 p.m., on the 5th day of March, 2013, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the Plaintiff.

    R. SCOTT REISCH, Attorney at Law, 1490 West 121st Avenue, Suite 202, Denver, Colorado, 80234, appearing for the Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

```
 1                        P R O C E E D I N G S

 2              THE COURT:  Court is convened this afternoon in Case

 3    No. 12-cr-10, encaptioned the United States of America v.

 4    Gregory A. Collins, for purposes of this matter, a change in

 5    plea.

 6              Could I have entries of appearance, please.

 7              MR. TILL:  Good afternoon, Your Honor.  Your Honor,

 8    I'm Guy Till.  I'm an assistant U.S. attorney representing the

 9    Government.

10              THE COURT:  Good afternoon and welcome.

11              MR. TILL:  Thank you, Your Honor.

12              MR. REISCH:  Good afternoon, Your Honor.  Scott Reisch

13    on behalf of Mr. Gregory Collins, who is present by my side and

14    on bond.

15              THE COURT:  Good afternoon and welcome.

16              Are you all ready to proceed?

17              MR. TILL:  Yes, Your Honor, we are.

18              MR. REISCH:  Yes, Your Honor.

19              THE COURT:  Thank you.

20              Mr. Reisch, would you and your client please approach

21    the lectern.

22              It appears from the record that this matter is before

23    the Court for a change in the defendant's plea, for

24    rearraignment pursuant to the Rule 10, and for consideration of

25    and advisement with regard to the parties' plea agreement in
```

accordance with Rule 11.  The record reflects that the

defendant was charged in the original Indictment found at

Docket No. 1, a First Superseding Indictment found at Docket

No. 180, and a second Superseding Indictment found at Docket

No. 469.  He entered a plea of not guilty to all of the counts

in these indictments.  But pursuant to the terms of his written

plea agreement, I understand that he now wants to change his

plea to a plea of guilty to Count 9 of the Second Superseding

Indictment, found at Docket No. 469.

            Is that correct?

            MR. TILL:  Yes, Your Honor.

            MR. REISCH:  Yes, Your Honor.

            THE COURT:  And I understand that the Government in

exchange for this wishes to dismiss other counts.  Is that

correct?

            MR. TILL:  Yes, Your Honor, it is.

            THE COURT:  What are the counts that you intend to

dismiss?

            MR. TILL:  Your Honor, going to dismiss Count -- the

initial Indictment and the First Superseding Indictment in

their entirety, and we're going to dismiss the remaining counts

with the exception of Count No. 9 that are in the Second

Superseding Indictment.

            THE COURT:  Okay.  When we get to the point that we're

talking about that dismissal, I'm going to need to know which

1   counts in the Second Superseding Indictment you're dismissing.

2           *MR. TILL:*  I'll have that, Your Honor.

3           *THE COURT:*  Thank you.

4           Would you please rearraign on Count 9.

5           *MR. TILL:*  Yes, Your Honor.

6           Sir, are you the same Gregory A. Collins who is named

7   as Defendant No. 3 in Count No. 9 of the Second Superseding

8   Indictment?

9           *THE DEFENDANT:*  Yeah.

10          *MR. TILL:*  Okay.

11          *THE COURT:*  Sir, you're going to need to speak up

12  loudly into the microphone.

13          *THE DEFENDANT:*  Yes.

14          *THE COURT:*  Thank you.

15          *MR. TILL:*  Okay.

16          Sir, Count 9 alleges that on or about July 14, 2011

17  through on or about January 20, 2012, in the state and district

18  of Colorado, the defendants, Gregory A. Collins, George Gaddy,

19  Corey Riley, and Thomas Schrah, Jr., then having knowledge of

20  the actual commission of one and more felony offenses

21  cognizable by a court of the United States, to-wit, cultivation

22  of and possession with intent to distribute marijuana, a

23  Schedule I controlled substance, in violation of Title 21

24  United States Code Section 841(a)(1) and (b)(1)(D).  It names a

25  couple of other predicate felony offenses in addition to the

1   marijuana offense.

2           Your factual basis basically concerns the marijuana

3   offense, but I'm going to tell you these other offenses too.

4   Possession of a firearm by a prohibited person in violation of

5   18 U.S.C. Section 922(g); using and carrying a firearm during

6   and relationship to a Controlled Substance Act felony offense

7   in violation of 18 U.S.C. Section 924(c); and possession of

8   cocaine, a Schedule II controlled substance, with intent to

9   distribute in violation of Title 21 United States Code Section

10  841(a)(1) and (b)(1)(C).  Said defendants did agree between,

11  among, and with one another and with other persons to the grand

12  jury known and unknown to conceal one or more of said offenses

13  and to refrain from making known the same to a judge and other

14  person in civil and military authority under the United States,

15  all in violation of Title 18 United States Code Section --

16  Section 371 and 4, conspiracy to commit misprision of a felony.

17          Sir, do you understand that count?

18          THE DEFENDANT:  Yes.

19          MR. TILL:  Okay.  Sir, today, how do you wish to plead

20  to this count?  Do you plead not guilty, or do you plead

21  guilty, sir?

22          THE DEFENDANT:  Not -- guilty.

23          THE COURT:  I'm sorry, would you repeat that, please?

24          THE DEFENDANT:  Guilty.

25          THE COURT:  Thank you.

1        MR. TILL:  Thank you, sir.

2        THE COURT:  Mr. Collins, as of this moment, you're not

3   bound by your plea of guilty.  Indeed, you're not bound by this

4   plea until I accept it.  You can change your mind at any time

5   during this hearing until I accept it.

6        In order to accept your plea, I have to be sure that

7   you understand the charge that has been brought against you,

8   that you understand your choices and the consequences that flow

9   from those choices, I have to be sure your decision to plead

10  guilty is voluntary and you haven't been pressured into it, and

11  I have to find that there is a factual basis for your plea.

12        Throughout this hearing, I want you to let me know if

13  there is anything you don't understand or if you have any

14  questions.  And if you do and would like to speak with your

15  attorney, please let me know so that we can take a brief recess

16  so that you and your attorney can confer privately.

17        I will ask you a number of questions.  These questions

18  are not intended to trap, embarrass, insult, or offend you.

19  The questions are important because your answers are important.

20  It's your answers that I must evaluate in order to determine

21  whether I can accept your plea or not.  Therefore, you must

22  answer my questions truthfully and completely.  Indeed, just

23  like a witness, you make a solemn oath promising to tell the

24  truth.  And if you don't, your answers can be used against you

25  if an action is brought against you for false statement or

1    perjury.  Do you understand?

2            THE DEFENDANT:  Yes, ma'am.

3            THE COURT:  Do you want to proceed?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Would you please administer the oath.

6            (Defendant sworn.)

7            THE COURT:  Mr. Collins, how old are you?

8            THE DEFENDANT:  58.

9            THE COURT:  What level of school did you complete?

10           THE DEFENDANT:  High school.

11           THE COURT:  Do you have any difficulty reading or

12   writing?

13           THE DEFENDANT:  No, I don't.

14           THE COURT:  Within the last 24 hours, have you taken

15   any medication?

16           THE DEFENDANT:  Blood pressure pills.

17           THE COURT:  How long have you been on the blood

18   pressure pills?

19           THE DEFENDANT:  It's been about -- probably eight,

20   nine years.  It's been a while.  Probably longer than that.

21           THE COURT:  Are there any side effects associated with

22   those pills that impair your ability to understand or think

23   clearly?

24           THE DEFENDANT:  No, I haven't.

25           THE COURT:  Within the last 24 hours, have you used

1    any drug or alcohol?

2              *THE DEFENDANT:*  No, ma'am.

3              *THE COURT:*  To the best of your knowledge, have you

4    ever been diagnosed with a mental illness?

5              *THE DEFENDANT:*  No, ma'am.

6              *THE COURT:*  Is there anything about the way you feel

7    today physically, emotionally, or mentally, that makes it hard

8    for you to understand what is happening?

9              *THE DEFENDANT:*  No, ma'am.

10              *THE COURT:*  Have you read and do you understand the

11   charges against you in the Indictment?

12              *THE DEFENDANT:*  Yes, I do.

13              *THE COURT:*  Have you discussed them with your

14   attorney?

15              *THE DEFENDANT:*  Yes, I have.

16              *THE COURT:*  Have you asked him all the questions that

17   you had about the charges in the First Superseding Indictment

18   and the first Indictment, as well as the Second Superseding

19   Indictment?

20              *THE DEFENDANT:*  Yes.

21              *THE COURT:*  Has he answered all of your questions?

22              *THE DEFENDANT:*  Yes, he has.

23              *THE COURT:*  Are there any other questions you want to

24   ask him?

25              *THE DEFENDANT:*  No.

1          THE COURT:  Thank you.

2          Mr. Reisch, could you identify the plea agreement for

3     the record, please.

4          MR. REISCH:  Your Honor, here at the podium we have

5     the plea agreement marked as Court's Exhibit 1 before us, as

6     well as the Statement by Defendant in Advance of Guilty Plea as

7     Court's Exhibit 2.

8          Would the Court like me to go through the plea

9     agreement itself, or no?

10         THE COURT:  No.  Thank you.

11         MR. REISCH:  Okay.

12         THE COURT:  Mr. Collins, would you please turn to

13    Exhibit 1.  Have you read this document?

14         THE DEFENDANT:  Yes, I have.

15         THE COURT:  Have you discussed it with your attorney?

16         THE DEFENDANT:  Yes, I have.

17         THE COURT:  Asked him all the questions you had about

18    it?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Has he answered all of your questions?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Are there any other questions you want to

23    ask him about this?

24         THE DEFENDANT:  No.

25         THE COURT:  This document has a lot of legal language

1    in it.  Do you understand what it says and what it means?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Does it reflect all of your agreement with

4    the Government?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Would you please turn to page 3.

7    Actually, let's start on page 2, paragraph C.  In this

8    paragraph, you state that you are giving up certain rights that

9    you have.  First of all, you're giving up your right to appeal

10   from the sentence that is imposed in this case except under

11   very limited circumstances.  The only way you can appeal from

12   the sentence that is imposed is if it is above the maximum

13   penalty provided in the statute of conviction or if it is above

14   the applicable sentencing guideline range or if it is based

15   upon an adjusted offense level greater than 8.  Do you

16   understand that?

17          THE DEFENDANT:  Yes, I do.

18          THE COURT:  You also give up your right to challenge

19   the prosecution, conviction, or sentence by collateral attack

20   except under very limited circumstances.  You can only bring a

21   collateral attack if there is a retroactive change in the

22   applicable guidelines or sentencing statute or if you want to

23   assert that you were denied effective assistance of counsel or

24   if you want to assert that there is a claim of prosecutorial

25   misconduct.  Do you understand that?

1          *THE DEFENDANT:*  Yes, I do.

2          *THE COURT:*  Now, do you understand that the last

3     sentence in this paragraph says that if the Government appeals

4     from the sentence that is imposed, then you're released from

5     all of these restrictions.  Do you understand that?

6          *THE DEFENDANT:*  Yes, I do.

7          *THE COURT:*  Any questions about that provision?

8          *THE DEFENDANT:*  No.

9          *THE COURT:*  Would you look at the end of the

10    agreement.  Did you sign it?

11         *THE DEFENDANT:*  Yes.

12         *THE COURT:*  Is that your signature there?

13         *THE DEFENDANT:*  Yes, it is.

14         *THE COURT:*  Thank you.

15         Mr. Reisch, does Exhibit 1 also bear your signature?

16         *MR. REISCH:*  Yes, it does, Your Honor.

17         *THE COURT:*  Did you review the plea agreement with

18    your client?

19         *MR. REISCH:*  Extensively, Your Honor.

20         *THE COURT:*  Answer all of his questions?

21         *MR. REISCH:*  I believe, Your Honor.

22         *THE COURT:*  Are you satisfied he understands the

23    contents of this document?

24         *MR. REISCH:*  I am satisfied, yes.

25         *THE COURT:*  Did you review the discovery in this case?

1              MR. REISCH:  I have.

2              THE COURT:  Does it comport with the facts that are

3    stated in here?

4              MR. REISCH:  Yes, I believe it does.

5              THE COURT:  Thank you.

6         Mr. Till, does Exhibit 1 also bear your signature?

7              MR. TILL:  It does, Your Honor.

8              THE COURT:  Thank you.

9         Mr. Collins, in Exhibit 1, there is a statement of

10   what the Government believes it could prove if this matter were

11   to go to trial.  By entering into the plea agreement, you are

12   admitting that the facts stated in the plea agreement are true.

13   I will treat them as true, both for purposes of considering

14   your plea and then again at the time of sentencing.  Therefore,

15   I'm going to ask Mr. Till to recite the facts you have agreed

16   to.  Listen closely to what he says, because when he finishes,

17   I'm going to ask whether those facts are true or not.  You must

18   tell me if you have any dispute with any of those facts stated

19   in the plea agreement.  Do you understand?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Thank you.

22        Mr. Till, would you please recite the facts on which

23   the parties agree.

24             MR. TILL:  Yes, Your Honor.

25             Your Honor, on or about July 13, 2011, Corey Riley and

1    Sheps Khamsahu and other persons possessed quantities of

2    marijuana with intent to distribute it.  In particular, Corey

3    Riley possessed approximately 6 pounds of marijuana with intent

4    to distribute in a house which Corey Riley shared with one or

5    more other persons on Pontiac Street in Denver, Colorado on or

6    about July 13, 2011 within the district of Colorado.  On

7    July 14, 2012 -- Your Honor, I believe that that -- I think

8    that's a mistake.  Your Honor, that should be July 14, 2011.

9         With the Court's permission, could we, perhaps,

10   correct the plea agreement by interlineation?

11        THE COURT:  Please proceed.

12        MR. TILL:  On July 14, 2011, the defendant and other

13   members of Hells Lovers motorcycle club were at a Hells Lovers

14   motorcycle club meeting, where Sheps Khamsahu and Corey Riley

15   talked with other members, including Mr. Collins, and

16   Mr. Collins was aware of the existence of marijuana trafficking

17   activity.  The Hells Lovers membership club members, including

18   the defendant, Mr. Collins, Corey Riley, Sheps Khamsahu and the

19   other members agreed they would not report the marijuana

20   trafficking activity to authorities and would use precautions

21   and take steps to limit how much the police would know about

22   the marijuana trafficking activity of Sheps Khamsahu and

23   others.

24        The defendant and others thereafter concealed the

25   marijuana trafficking activity of Sheps Khamsahu and Corey

1    Riley, and the defendant and others did not report the

2    existence of the marijuana trafficking activities of Sheps

3    Khamsahu or Corey Riley to any person in authority or law

4    enforcement.

5              That's the conclusion of factual basis, Your Honor.

6              THE COURT:  Thank you.

7              Mr. Collins, are these facts true?

8              THE DEFENDANT:  Pardon?

9              THE COURT:  Are these facts true?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Thank you.

12             Let's talk about the penalty that can be imposed here.

13   The maximum statutory penalty for the offense of conspiracy to

14   commit misprision of a felony is not more than 5 years of

15   imprisonment, there can be a fine of up to $250,000, both can

16   be imposed, there can be a term of supervised release as long

17   as 3 years, and there is a mandatory $100 special assessment.

18             This is a felony conviction.  And as a felony

19   conviction, it can affect some of your civil rights, including

20   your right to vote, serve on a jury, hold public office,

21   possess a firearm, obtain any number of licenses.  If a prison

22   term is imposed, we measure it in terms of months, not years.

23   It does not come with any automatic reduction, and there is no

24   parole.  That means that every month you're sentenced to serve,

25   you'll serve.

1          There are a limited number of ways to reduce a

2   sentence, and some of those ways you've given up by the terms

3   of this agreement.  First, a sentence can be reduced by a

4   successful motion brought shortly after judgment is entered.

5   Another way to reduce the sentence is through a successful

6   appeal and resentencing.  But, remember, you've given up your

7   right to appeal except under very limited circumstances.  A

8   third way is through a successful collateral attack.  But,

9   remember, you've given up your right to bring a collateral

10  attack, except under very limited circumstances.

11         And if there is a term of imprisonment imposed, the

12  Bureau of Prisons has discretion to give some credit against a

13  sentence, depending upon whether the incarcerated person

14  follows the rules and regulations of the institution where they

15  are detained.  We call that good time credit, and the Bureau of

16  Prisons has the limited authority to grant no more than 54 days

17  per year in its discretion.

18         Now, after completion of a prison term, there is a

19  term of supervised release.  Here, it can be as long as 3

20  years.  And if a term of supervised release is imposed, or

21  alternatively, if a term of probation is imposed, it comes with

22  a number of conditions.  These conditions fall into two

23  categories, standard conditions and special conditions.

24  Standard conditions apply to all terms of supervised release

25  and all terms of probation.  Special conditions can be imposed

 1    based upon what you particularly need.

 2           The standard conditions are numerous, as you might

 3    guess.  I'm not going to address them all, but I'll bring three

 4    to your attention.  You cannot commit any new crimes, state,

 5    federal, or local; you cannot use or sell or possess any

 6    illegal substances; and you cannot use, sell, or possess any

 7    prohibited firearm or destructive devices.  Now, as I said,

 8    there are a host of other standard conditions as well.

 9           Then there are special conditions which are unique to

10    you and to your particular circumstances.  Oftentimes, these

11    involve periodic drug checks, mandatory involvement in a

12    rehabilitation program, either for alcohol abuse or

13    substance -- other substance abuse, or mental health treatment,

14    if it's appropriate, or any other kind of rehabilitation

15    program that would be suitable for you.

16           Now, what's important about these conditions is how

17    they are enforced and the fact that they are mandatory.  All of

18    the conditions apply all of the time, and you have to adhere to

19    all of the conditions all of the time.  If you don't, a

20    probation officer can bring you back to this court or to

21    another courtroom and ask to have the supervised release period

22    or the probationary period revoked and have you sent to prison.

23           Now, the penalty that will be imposed here is not just

24    a function of the statute of conviction.  In deciding what

25    penalty is appropriate, I have to consider some other statutes.

1    One of those is 18 U.S.C. Section 3553, which is the umbrella

2    statute for sentencing in the federal system.  It requires me

3    to impose a sentence that is sufficient but not greater than

4    necessary in order to satisfy particular objectives.  So your

5    sentence must promote respect for the law; provide just

6    punishment; adequately deter criminal conduct; protect the

7    public from further crimes by you; provide you with needed

8    educational or vocational training, medical care, or other

9    correctional treatment in the most effective manner.

10           And in order to fashion a sentence that meets these

11   objectives, the same statute tells me what factors I can

12   consider:  The nature and circumstances of the offense; your

13   history and characteristics; the kinds of sentences that are

14   available; what the federal sentencing guidelines would

15   require; the need to avoid unwarranted sentence disparities

16   among defendants with similar records found guilty of similar

17   conduct; and in the appropriate case, the need for restitution.

18           I know that your attorney and the Government's

19   attorney have calculated the sentencing range that they believe

20   will apply in this case.  And you'll begin -- you will see

21   those calculations beginning on page 7.  There are several

22   things you need to know about these calculations.  First of

23   all, they're not binding on the Court.  There is no guaranteed

24   sentence here.  Second, these calculations are not the

25   calculations that we necessarily will be working from at the

1    time of sentencing.  And that's because we're not working from

2    the plea agreement; we're working from another document called

3    the presentence report.  It's prepared by a probation officer

4    of the Court.  And you and your attorney will meet with that

5    probation officer before sentencing, before the report is

6    prepared.  You'll also have an opportunity to review the report

7    before the sentencing hearing.  And if you have a problem with

8    something in the report, you can bring it to the attention of

9    the probation officer.  If it's not adequately addressed by the

10   probation officer in an addendum to the report, you can raise

11   it at the time of sentencing.

12        That particular report will have a calculation under

13   the guidelines, and that's the calculation we'll be working

14   from.  Sometimes the calculation in that report, though, is not

15   the same as is in the plea agreement; and, therefore, you will

16   want to pay particular attention to the calculation in the

17   report.

18        And, finally, you should understand that

19   notwithstanding the calculation under the guidelines, the

20   guideline calculation is only one factor that I consider in

21   determining your sentence.  It's an important factor, but it's

22   not the only one.  It's a starting point, but it's not

23   necessarily the ending point.

24        If the calculated sentence under the sentencing

25   guidelines doesn't achieve the objectives set forth in 18

1    U.S.C. Section 3553, then I can enter a non-guideline sentence.

2    That means a sentence outside the guideline range.  Now,

3    sometimes people call that a variant sentence, sometimes they

4    call it a statutory sentence; but they're talking about the

5    same thing, a sentence outside the guideline range.  And if

6    there is a sentence outside the guideline range, it can be

7    higher than the guideline range or lower than the guideline

8    range, whatever is necessary in order to meet those sentencing

9    objectives.

10           As I've indicated, your sentencing hearing will occur

11   a number of weeks from now after you've had the opportunity to

12   meet with the probation officer and review the presentence

13   report.  Please don't be confused by the title "probation

14   officer."  It has nothing to do with the penalty to be imposed.

15   It only is the title of the person preparing the report.

16           Now, at the sentencing hearing, your attorney and the

17   Government's attorney will have an opportunity to argue about

18   what sentence is appropriate.  You will have an opportunity to

19   make a statement, but no one else may make a statement on your

20   behalf.  If there is somebody you would like to have say

21   something about you, your history or your characteristics, they

22   can do so in writing by sending a letter to the probation

23   officer who prepares the presentence investigation report.  The

24   letter should not be sent to me.

25           Do you understand the objectives and factors that I'll

1    be evaluating in determining your sentence?

2              THE DEFENDANT:  Yes, I do.

3              THE COURT:  Do you understand the maximum sentence

4    that can be imposed?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Do you understand that the charge you're

7    pleading guilty to is a felony charge?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you understand that your conviction in

10   this case may adversely impact certain civil rights?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you understand that the sentence I

13   impose may be more severe than what is estimated in the plea

14   agreement?

15             THE DEFENDANT:  Yes.

16             THE COURT:  And do you understand that no matter what

17   the sentence is, if I accept your plea today, you won't be able

18   to withdraw it at the time of sentencing?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you have any questions about

21   sentencing?

22             THE DEFENDANT:  No.

23             THE COURT:  Thank you.

24             Then would you turn to Exhibit 2, please.  Have you

25   read this document?

1              THE DEFENDANT:  Yes.

2              THE COURT:  Have you discussed it with Mr. Reisch?

3              THE DEFENDANT:  Yes, I have.

4              THE COURT:  Have you asked him all the questions you

5     had about it?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Has he answered all of your questions?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Are there any other questions you want to

10    ask him?

11             THE DEFENDANT:  No.

12             THE COURT:  Would you look at the last page, please.

13    Did you sign this document?

14             THE DEFENDANT:  Yes, I have.

15             THE COURT:  Is that your signature there?

16             THE DEFENDANT:  Yes, it is.

17             THE COURT:  All right.  Now, let's go over the

18    constitutional rights you're giving up today by making your

19    plea of guilty.

20             First of all, under the Constitution, you have a right

21    to have a charge such as this tried to a jury.  That trial

22    would ordinarily take place in this courtroom.  The jury would

23    sit to my left in the jury box.  Twelve people would serve on

24    the jury, and you and your attorney and the Government's

25    attorney would participate in selecting the folks who would

1    serve on the jury.  All of the jurors would take a solemn oath

2    promising to consider only the evidence presented and to follow

3    my instructions as to the law.

4         One of the instructions that I would give them would

5    tell them that they had to reach a unanimous decision based on

6    what they saw and heard in order to find you guilty.  If any

7    one of them had a reasonable doubt as to your guilt, you could

8    not be convicted.

9         Now, during the trial process, you have a number of

10   other constitutional rights.  For example, you have the right

11   to remain silent.  That means nobody can force you to testify

12   or answer any questions.  The jury can't consider your silence

13   in determining whether the Government has proven the elements

14   of the charge or charges against you beyond a reasonable doubt.

15   Even though you remain silent, your attorney need not.  Your

16   attorney can examine and cross-examine witnesses, present and

17   oppose the presentation of evidence, and make arguments to the

18   jury and to me.

19        Now, because this is a right, you can waive it.  That

20   means you can testify if you want to, and you can make that

21   decision at any time before or during the trial.

22        Now, you also have the right to call witnesses and

23   present evidence if you choose.  In fact, if there were people

24   you wanted to call as witnesses and they were reluctant to come

25   forward, I would compel them to do so.

1          The Constitution also guarantees to you the right to

2    be represented by an attorney.  And where you can't afford an

3    attorney, one is appointed to represent you without any cost to

4    you.  I know that Mr. Reisch has represented you thus far in

5    this case, but I assure you that if you would prefer to go to

6    trial rather than to proceed with this plea agreement, he would

7    continue to represent you ably and well at trial.  And if you

8    went to trial and you were convicted, you could appeal both

9    from your conviction and also from your sentence.  But by

10   entering a plea of guilty today, you're giving up your right to

11   a jury trial and all the rights that go with it.  You will not

12   be able to appeal from your conviction; and for the most part,

13   you won't be able to appeal from your sentence.

14          Is that what you want to do?

15          THE DEFENDANT:  Yeah -- yes.

16          THE COURT:  Do you understand that you're waiving your

17   right to a jury trial and other constitutional rights

18   associated with it if you proceed with this plea of guilty?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Has anybody pressured you to make this

21   plea today?  Before you respond, let me be sure you understand

22   the word "anybody."  It has the broadest definition possible.

23   It includes your family and your friends and neighbors and

24   acquaintances and people you like and don't like, people who

25   like and don't like you, it includes the attorneys and law

 1    enforcement officers, it includes co-defendants, it includes

 2    anybody.  Has anybody pressured you to enter this plea today?

 3         *THE DEFENDANT:*  No.

 4         *THE COURT:*  Has anybody promised you something that

 5    isn't in the plea agreement?

 6         *THE DEFENDANT:*  No.

 7         *THE COURT:*  Have you had enough time to review and

 8    consider and discuss your plea and plea agreement with your

 9    attorney?

10         *THE DEFENDANT:*  Yes.

11         *THE COURT:*  You've been represented by Mr. Reisch in

12    this case.  Are you satisfied with him as your attorney?

13         *THE DEFENDANT:*  Yes.

14         *THE COURT:*  Do you have any concerns, complaints, or

15    criticism about the legal representation you've received?

16         *THE DEFENDANT:*  No.

17         *THE COURT:*  Do you want to ask Mr. Reisch any

18    questions?

19         *THE DEFENDANT:*  No.

20         *THE COURT:*  Do you have any questions for me?

21         *THE DEFENDANT:*  No.

22         *THE COURT:*  Well, then, now is the time to finalize

23    your decision.  The plea agreement that we've been discussing,

24    Exhibit 1, do you still want to proceed with it?

25         *THE DEFENDANT:*  Yes.

1        *THE COURT:*  Do you still want to plead guilty to Count

2   9 as stated in the Second Superseding Indictment?

3        *THE DEFENDANT:*  Yes.

4        *THE COURT:*  Mr. Reisch, any reason not to accept the

5   plea and plea agreement?

6        *MR. REISCH:*  No, Your Honor.

7        *THE COURT:*  Thank you.

8        Mr. Till.

9        *MR. TILL:*  No, Your Honor, no reason.

10        *THE COURT:*  Thank you.  Do either of you desire to

11   supplement the record?

12        *MR. REISCH:*  Nothing by the defense, Your Honor.

13        *MR. TILL:*  No, Your Honor.

14        *THE COURT:*  Mr. Till, would you like to make your oral

15   motion to dismiss at this time?

16        *MR. TILL:*  Yes, Your Honor.

17        Your Honor, at this time I would like to enter the

18   Government's oral motion to dismiss the Indictment and the

19   First Superseding Indictment as to Mr. Collins.  Also with

20   regard to the Second Superseding Indictment, I'd like to make

21   the motion to dismiss Count 1, Count 2, Count 3, Count 6, and

22   Count 7 as to Mr. Collins only.

23        *THE COURT:*  Thank you.

24        Does count 9 represent the seriousness of the actual

25   offense behavior?

1          MR. TILL:  Yes, it does.

2          THE COURT:  If I were to accept this agreement, would

3    the statutory purposes of sentencing be undermined in any

4    fashion?

5          MR. TILL:  No, Your Honor, they would not.

6          THE COURT:  Thank you.

7          Anything you'd like to add, Mr. Reisch?

8          MR. REISCH:  No, Your Honor.

9          THE COURT:  Thank you.

10         Then based upon the record made in open court today in

11   Case No. 12-cr-10, encaptioned for purposes of this hearing as

12   the United States of America v. Gregory A. Collins, I hereby

13   find that the defendant is fully competent to enter an informed

14   plea.  He's been represented through the course of this case

15   and this proceeding and has no objection, criticism, or

16   complaint as to the representation he's received.  He is aware

17   of the nature of the charges against him and the effects and

18   consequences of his plea of guilty.  He has knowingly and

19   voluntarily waived fundamental constitutional rights including

20   his right to a jury trial.  He understands that the penalty to

21   be imposed by the Court will be based in part on the facts

22   stated in the plea agreement and may exceed that which is

23   calculated in it.  His plea of guilty is voluntarily and

24   knowingly made.  The charge and plea is supported by an

25   independent basis in fact.

1          The Government in accordance with the plea agreement

2   has moved to dismiss all the charges against Mr. Collins in the

3   Indictment, in the First Superseding Indictment, and Counts 1,

4   2, 3, 6 and 7 in the Second Superseding Indictment.  Mr. Till

5   has represented that the remaining charge to which Mr. Collins

6   has pled guilty, Count 9, adequately reflects the seriousness

7   of the actual offense behavior and that the agreement does not

8   undermine the statutory purposes of sentencing.  It's therefore

9   ordered that Court Exhibits 1 and 2 are received.  The plea as

10  made in open court today is accepted, and Mr. Collins is

11  adjudged guilty as charged in Count 9 of the Second Superseding

12  Indictment.

13         The counts against Mr. Collins in the Indictment, the

14  First Superseding Indictment, and Counts 1, 2, 3, 6, and 7 of

15  the Second Superseding Indictment are dismissed.  However, the

16  effect of this order is stayed until the time of sentencing.

17         The probation department will conduct a presentence

18  investigation and submit a presentence report as required by

19  Rule 32.  The defendant with the assistance of counsel will

20  participate in the investigation and cooperate fully with the

21  probation department.

22         It looks like to me that you all have set a sentencing

23  for April -- May 30 at 10 o'clock a.m.  Is that correct?

24         *MR. TILL:*  Yes, Your Honor.

25         *MR. REISCH:*  Yes, Your Honor.

1          THE COURT:  Still work?

2          MR. TILL:  Yes, ma'am.

3          MR. REISCH:  Yes.

4          THE COURT:  Thank you.  That will be our sentencing

5    date.  And trial on the charges against Mr. Collins was vacated

6    upon the filing of the notice of disposition.

7          With regard to motions, it looks like we have several

8    outstanding.  Docket No. 207, motion for extension of time to

9    file pretrial motions.  This is brought by the defense.  Docket

10   No. 378, a motion for bill of particulars by the defense, and

11   Document No. 379, a motion to sever defendant by the defense.

12   Can these be denied as moot?

13         MR. REISCH:  Yes, please.

14         THE COURT:  Thank you.  Then they are denied as moot.

15         Any issues with regard to the conditions of release?

16         MR. TILL:  Your Honor, I checked with Pretrial

17   Services yesterday, and they advised that Mr. Collins is doing

18   very well on pretrial release.  Therefore, the Government

19   recommends that he remain on bond.

20         THE COURT:  Thank you.  Any further business by the

21   Government or the defendant?

22         MR. REISCH:  None on behalf of Mr. Collins, Your

23   Honor.

24         MR. TILL:  No, Your Honor, thank you.

25         THE COURT:  Thank you, Mr. Till; thank you,

1    Mr. Reisch; thank you to our marshal staff and our court staff.

2    That will conclude this matter, and we'll stand in recess.

3                    (Recess at 3:10 p.m.)

4                         REPORTER'S CERTIFICATE

5

6         I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.

7

8         Dated at Denver, Colorado, this 23rd day of August, 2013.

9                                     s/Therese Lindblom

10       _____

11                        Therese Lindblom,CSR,RMR,CRR

12

13

14

15

16

17

18

19

20

21

22

23

24

25