1           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO
2

Criminal Action No. 12-cr-00010
3

UNITED STATES OF AMERICA,
4

    Plaintiff,
5

vs.
6

GREGORY A. COLLINS,
7

    Defendant.
8
_____

9                **REPORTER'S TRANSCRIPT**
                Sentencing Hearing
10
_____

11      Proceedings before the HONORABLE MARCIA S. KRIEGER,

12 Judge, United States District Court for the District of

13 Colorado, commencing at 10:02 a.m., on the 25th day of July,

14 2013, in Courtroom 901A, United States Courthouse, Denver,

15 Colorado.

16                   **APPEARANCES**

17      GUY TILL, Assistant U.S. Attorney, 1225 17th Street,

18 Suite 700, Denver, Colorado, 80202, appearing for the

19 Plaintiff.

20      R. SCOTT REISCH, Attorney at Law, 1490 West 121st

21 Avenue, Suite 202, Denver, Colorado, 80234, appearing for the

22 Defendant.

23

24          THERESE LINDBLOM, Official Reporter
         901 19th Street, Denver, Colorado 80294
      Proceedings Reported by Mechanical Stenography
25       Transcription Produced via Computer

P R O C E E D I N G S

1

2      *THE COURT:*  Court is convened today in Case No.

3  12-cr-10, which is encaptioned for purposes of today's hearing

4  as the United States of America v. Gregory A. Collins.  The

5  matter is set down for sentencing.

6           Could I have entries of appearance, please.

7      *MR. TILL:*  Good morning, Your Honor.  Your Honor, I'm

8  Guy Till.  I'm an assistant U.S. attorney representing the

9  Government, Your Honor.

10      *THE COURT:*  Good morning.

11      *MR. TILL:*  Thank you, Your Honor.

12      *MR. REISCH:*  Good morning, Your Honor.  My name is

13  Scott Reisch.  I am here with and on behalf of Mr. Gregory

14  Collins, the defendant, seated at counsel table.

15      *THE COURT:*  Good morning.

16           Are you all ready to proceed?

17      *MR. TILL:*  Yes, Your Honor.

18      *MR. REISCH:*  Yes, Your Honor.

19      *THE COURT:*  Thank you.

20      Mr. Reisch, would you and Mr. Collins please approach

21  the lectern.

22      *MR. REISCH:*  Yes, Your Honor.

23      *THE COURT:*  This matter is before the Court for

24  purposes of sentencing.  The record reflects that Mr. Collins

25  was charged in a 32-count Indictment filed with this court on

January 9, 2012.  He was -- it's found at Docket No. 1.  He was

charged in Count 31 with conspiracy to use and maintain

drug-involved premises in violation of 21 U.S.C. Sections 846

and 856(1)(a) and (2) and (b) and in Count 32 with using and

maintaining a drug-involved premises and intentionally aiding

and abetting the same in violation of 21 U.S.C. Section

856(a)(1), (2) and (b) and 18 U.S.C. Section 2.  There also was

a forfeiture allegation brought pursuant to 18 U.S.C. Section

3665 and 28 U.S.C. Section 2461(c).

A 38-count First Superseding Indictment was filed on

February 6, 2012, and the defendant was charged in the same

counts, and there was the same forfeiture allegation as noted

above.

On June 5, 2012, a 29-count Second Superseding

Indictment was filed at Docket No. 469.  And in this

Indictment, the defendant was charged in Count 1 with using and

maintaining a drug-involved premises and intentionally aiding

and abetting the same in violation of 21 U.S.C. Section

856(a)(1) and (2) and (b) and 18 U.S.C. Section 2; Count 2,

with the conspiracy to use and maintain a drug-involved

premises in violation of 21 U.S.C. Sections 846, 856(a)(1) and

(2) and (b); Count 3, with possession of a firearm in

furtherance of Controlled Substances Act felony offense in

violation of 18 U.S.C. Section 924(c); and in Count 6 with

conspiracy for a prohibited person to possess a firearm and

ammunition in violation of 18 U.S.C. Section 371 and 922(g)(1)

and (3); Count 7 with conspiracy to possess a firearm during

and in relation to a Controlled Substances Act felony offense

in violation of 18 U.S.C. Section 924(o); and in Count 9 with

conspiracy to commit misprision of a felony in violation of 18

U.S.C. Sections 4 and 371.  There also was a forfeiture

allegation pursuant to 18 U.S.C. Section 35 -- 3665 and 28

U.S.C. Section 2461(c).

Mr. Collins entered pleas of not guilty to all of the

charges in the various indictments.  And then on March 5, 2013,

in accordance with a written plea agreement, changed his plea

to a plea of guilty to Count 9 of the Second Superseding

Indictment.  At the Rule 11 hearing, I accepted his plea, and

he was adjudged guilty as charged in Count 9 of the Second

Superseding Indictment.  Pursuant to the terms of the plea

agreement, the Government orally moved to dismiss all counts in

the original Indictment, First Superseding Indictment, and the

remaining counts against the defendant in the Second

Superseding Indictment.  I granted that motion, but stayed the

effect of the order until the time of sentencing.

In preparation for today's sentencing hearing, I've

had the opportunity to review and consider the contents of a

number of documents.  The initial presentence report at Docket

874, a presentence report at 877, an addendum at 878, a motion

for a downward variance from the advisory guideline range at

1     879, and a response by the Government to that motion at 883.

2          Let me inquire of you, counsel, whether you and the

3     defendant have had adequate opportunity to review and consider

4     all of these documents.

5          MR. TILL:  The Government has, Your Honor.

6          MR. REISCH:  We have, Your Honor.

7          THE COURT:  Thank you.  Any others that I should be

8     considering?

9          MR. TILL:  No, Your Honor.

10         MR. REISCH:  No, Your Honor.

11         THE COURT:  Okay.  With regard to the facts stated in

12    the presentence report at Docket No. 877, is there any dispute?

13         MR. TILL:  Not from the Government, Your Honor.

14         MR. REISCH:  Not on behalf of Mr. Collins, Your Honor.

15         THE COURT:  Any dispute as to the calculation under

16    the guideline?

17         MR. TILL:  Not from the Government, Your Honor.

18         MR. REISCH:  No, Your Honor.

19         THE COURT:  Doesn't appear that we have any motions

20    for departure, but we have one variance motion.  That variance

21    motion is found at 879, brought by the defense.

22         Mr. Reisch.

23         MR. REISCH:  Your Honor, as the Court is aware,

24    Mr. Collins guidelines out into basically a probationary

25    sentence between 0 to 3 years.  What we're asking for in our

1   motion for downward variance is the Court to consider,

2   basically, credit for time served and, obviously, the effects

3   of a felony conviction serving as an appropriate sentence in

4   this particular case.

5        Mr. Collins is 59 years old.  He stands before the

6   Court for a first felony conviction.  His only other criminal

7   history was a DUI in 2010, and he did have a charge some 40

8   years ago, back in 1973.  Other than that, Mr. Collins has been

9   a law-abiding citizen.

10        What we would ask the Court to consider is, obviously,

11   his age, his work history, his performance while on pretrial

12   release for nearly 17 months.  Mr. Collins was in custody for a

13   little over a week before he was granted bond in this

14   particular case.  But since that time, I'm not aware of any

15   pretrial release violations or anything of that nature which

16   would cause the Court concern.

17        Mr. Collins has traveled.  He sought permission on

18   every occasion.  The Court's granted that.  He's returned and

19   reported appropriately.

20        What we would ask the Court to consider, obviously, in

21   a time of budget restrictions -- and those are precious

22   dollars, I -- we would ask the Court to basically consider the

23   fact, I'm not sure what else a probationary sentence we could

24   do for Mr. Collins.  It's not as though we are -- need to get

25   him educational or vocational skills.  He's been at the same

1    employment for some 21 years.  There is no history of any drug

2    or alcohol issues in his past or necessarily in the present.

3    He's complied.  He is not a drinker.  He doesn't use drugs.  So

4    other than being on probation and being able to report, I'm not

5    sure what those resources would do necessarily to benefit

6    Mr. Collins when they could be used, obviously, for people that

7    have issues in the future.  And that's why we would ask the

8    Court to consider our motion and basically sentence for credit

9    for time served, Your Honor.

10            *THE COURT:*  Thank you.

11            Government response.

12            *MR. TILL:*  Your Honor, my impression of the defendant

13   is that he is a mature person, he is an unusually intelligent

14   person, a well-spoken man.  However, he was a member of the

15   Hells Lovers for 20 years.  And I submit that habits are hard

16   to break.  And I think that being -- I would submit to the

17   Court that being on probation can be a help to a person who is

18   trying to break a habit.  And the problem with the Hells Lovers

19   motorcycle club, as, quote, outlaw -- self-identified outlaw

20   motorcycle club is that it was sort of a -- a pattern of

21   behavior, basically, chronic disregard for the laws of the

22   United States.  I don't believe he's been doing that since he

23   was taken into custody in January of 2012.  But I submit that

24   habits are hard to break, and I would ask the Court to consider

25   imposing probation to help him to make sure he doesn't fall

1    backwards.

2            *THE COURT:*  Thank you.

3            Anything further, Mr. Reisch, with regard to the

4    variance?

5            *MR. REISCH:*  No, Your Honor.

6            *THE COURT:*  Okay.

7            Then I'll hear argument with regard to sentence, if

8    there is further argument you'd like to make.  We'll start with

9    Mr. Reisch, and then Mr. Till, and then finally if Mr. Collins

10   has something he'd like to say, I'll hear it too.

11           *MR. REISCH:*  Yes, Your Honor.  I will do my best not

12   to repeat myself.

13           Undisputed that Mr. Collins was a member of this Hells

14   Lovers motorcycle gang.  He joined back in 1989, really,

15   because he had a love for motorcycles.  He's basically seen the

16   country riding on his motorcycle.  And I don't think he'll be

17   too embarrassed by this, but, basically, he's told me, he's too

18   old to ride on the back of a motorcycle anymore, because it's,

19   frankly, too uncomfortable for him, it takes too much time to

20   recover.  In his spare time, Your Honor, he likes to be with

21   his wife.  They like to travel.  Like -- I did state earlier,

22   he has been employed for 21 years at the same company.  They

23   manufacture trailers.  He's a supervisor there.  I've spoken

24   with his employer.  They were very supportive of Mr. Collins

25   throughout this process, and it sounds like he has a job there

1    as long as he's able to work and willing to work.

2            I know that he would like to retire and travel and

3    spend time with his wife.

4            I can tell the Court that I think Mr. Collins has

5    learned a lot about life in this particular situation.  And

6    particularly, one, you have to obey all the laws.  Even if you

7    think it's none of your business what other people are doing,

8    you need to get the heck out of there.  And there were a lot of

9    witnesses that stated that although Mr. Collins would go to

10   this motorcycle clubhouse, he would oftentimes spend most of

11   his time sitting in the car because he didn't like the smoke,

12   whether it be from marijuana or from cigarettes, because he

13   doesn't smoke either, and really couldn't tolerate that.  He's

14   also learned that you're judged by the people you hang out

15   with.  And oftentimes, when people that you associate with get

16   in trouble, you get swept up into that.  And oftentimes

17   perception is reality.  And since that time, Your Honor, he

18   hasn't been near this motorcycle club.  It's my understanding

19   that this motorcycle club still exists.  They still have a

20   clubhouse.  But he is basically retired.  He has nothing to do

21   with it and has no desire to go back to it.

22           We would just ask the Court to consider that in

23   tailoring the appropriate sentence for Mr. Collins, Your Honor.

24   Thank you.

25           *THE COURT:*  Thank you.

1   Mr. Reisch.

2   *MR. REISCH:*  Yes, Your Honor.

3   *THE COURT:*  The presentence report reflects that

4 Mr. Collins has filed a Chapter 7 petition for bankruptcy

5 protection some years ago, and recently in 2012, filed Chapter

6 13 petition.  Has the Chapter 13 plan been confirmed?

7   *MR. REISCH:*  My understanding, it's not been

8 finalized, Your Honor.

9   *THE COURT:*  Is there a confirmation hearing set?

10   *UNIDENTIFIED SPEAKER:*  Excuse me, it has been

11 confirmed.

12   *MR. REISCH:*  If I could have just a moment --

13   *THE COURT:*  Okay.  The other thing that I'd like to

14 know is how much is being paid monthly through the plan.

15   *MR. REISCH:*  Your Honor, I apologize.  Apparently

16 Mr. Collins' wife has more information.  But it in fact has

17 been confirmed, and the repayment plan consists of $800 per

18 month.

19   *THE COURT:*  Okay.  How long is the plan to last?

20   *MR. REISCH:*  That I did not ask.

21   800 for one year, and then 1,800 for five years.

22   *THE COURT:*  Okay.

23   All right.  Mr. Till.

24   *MR. TILL:*  Your Honor, I have nothing to add.  I just

25 think that probation would help him.  I wish him well.  He's an

1     intelligent man.  I hope we never see him back here.

2          THE COURT:  What makes you think he's going to be back

3     in a motorcycle club doing what he was doing?

4          MR. TILL:  Just my experience with human nature and

5     friends and so forth, is that there are many people in the club

6     who still regard him as a friend.  They probably are not

7     contacting him now because of the conditions of pretrial

8     release, but I expect that they will be reaching out to him as

9     soon as he gets off probation.  And I feel that the longer

10    period of time he can stay away from those folks and stay out

11    of that clubhouse and so forth, the better off he will be.

12    That's just my feeling.  It's just -- my impression of that

13    organization, Your Honor, is that they do engage in chronic

14    criminal behavior.

15         THE COURT:  Thank you.

16         Mr. Collins, what would you like me to know?

17         THE DEFENDANT:  Well, I learned what laws are.  I have

18    to obey them, that's for sure.  And I am retired from the club.

19    And I don't have no intention of going back.

20         THE COURT:  Well, Mr. Collins, it looks like according

21    to the presentence report, you've got two Harleys, you've got a

22    1987 Harley that you had owned, that you used to secure a debt

23    to your dad, then your dad died.  What happened to that Harley?

24         THE DEFENDANT:  That's my mom -- that's my mom's.

25    She --

1          THE COURT:  She rides a Harley?

2          THE DEFENDANT:  No, but she's financially pretty -- my

3  dad didn't leave any finances.  And she tried to get rid of

4  it -- I want to help her do that, as we can, you know.

5          THE COURT:  When did your dad pass away?

6          THE DEFENDANT:  He passed away in December.

7          THE COURT:  Okay.  You have another -- there is

8  another Harley.  You've got a 2004 --

9          THE DEFENDANT:  '04.

10          THE COURT:  Are you still riding it?

11          THE DEFENDANT:  Not much.

12          THE COURT:  Got it on the market?

13          THE DEFENDANT:  Yeah.  I -- I want to try to do

14  something with it.  It's really -- in a way, it's in the

15  bankruptcy deal too, so I kind of just have to see what I

16  think --

17          THE COURT:  What do you mean it's in the bankruptcy

18  deal?

19          THE DEFENDANT:  Don't we have that --

20          UNIDENTIFIED SPEAKER:  No, but that was signed over to

21  dad too.

22          THE DEFENDANT:  I owe him so much.  We tried to

23  just -- you know, we tried to get our finances straightened

24  out.  I mean, we were pretty well upside down in vehicles and

25  everything.

1          THE COURT:  Well, that's what it looks like.

2          THE DEFENDANT:  That would be our -- we're in

3     financial crisis here.

4          THE COURT:  Well, I wouldn't necessarily say a

5     financial crisis.  It looks like to me you're working on taking

6     care of your financial issues through this Chapter 13 plan.

7     But what I'm concerned about is exactly what Mr. Till was

8     commenting about, belonging to a club that has Harleys as its

9     focus.  And if truly, as Mr. Reisch says, you aren't interested

10    in riding these bikes anymore --

11         THE DEFENDANT:  Well, you know, I mean -- riding has

12    always been a part of me.  You know, like, back and forth from

13    work, I would ride.  I mean, I -- you know, occasionally ride

14    in the club.  No, but -- ride, you know -- you don't have to be

15    in a club to ride.

16         THE COURT:  No, I understand.  But sometimes it's more

17    fun to ride with your buds.

18         THE DEFENDANT:  I --

19         THE COURT:  It is.  And what I'm concerned about here

20    is that the two -- two bikes have been transferred to your dad,

21    and it doesn't look like they're being recovered back into your

22    bankruptcy case.  It means that you have access to them.  You

23    could use them if you wanted to, even though the title is in

24    your dad's name and now, perhaps, your mom's name.  And all I

25    have before me is your current desire not to participate in a

1   club like Hells Lovers.  How do I know you're not going to

2   engage in the kind of conduct that Mr. Till's concerned about?

3        THE DEFENDANT:  I'm not trying to participate in any

4   other club, you know.  And I the got children, grandchildren,

5   you know, and I like spending time with them a lot.  And I

6   don't really have the time for it anymore, to be honest.

7        THE COURT:  Well, your -- you had the time when you

8   were this busy or busier.

9        THE DEFENDANT:  Well, I wasn't there a lot.

10        THE COURT:  Okay.  If there is anything else you want

11   to let me know that suggests that you're not going to have any

12   involvement with these folks again, please let me know now.

13        THE DEFENDANT:  Well, that's what I'm saying.  I don't

14   have no reason to, really.  You know, I have retirement status

15   and all the rest, so I really -- I mean, this brought it to

16   what is really left, you know, when you really look at it.

17        THE COURT:  Okay.  Thank you.

18        THE DEFENDANT:  What's left.

19        THE COURT:  Thank you.

20        Anything else that you'd like to say?

21        MR. REISCH:  No, Your Honor.  Thank you.

22        MR. TILL:  No, Your Honor.  Thank you.

23        THE COURT:  Thank you.

24        Then I'll announce the sentence I intend to impose.

25   Of course, counsel, you'll have a final opportunity to make

1    legal objections before judgment is entered.  And if you

2    believe that the sentence I describe is premised on error or if

3    I raise an issue you haven't had adequate opportunity to

4    address, I invite you to request a continuance.

5            Imposition of a sentence in a federal criminal case is

6    governed by a number of statutes.  The umbrella statute is 18

7    U.S.C. Section 3553.  In imposing sentence in this case, I

8    consider the objectives and the factors that are set forth in

9    that statute.  The statute requires that the sentence I impose

10   be sufficient but not greater than necessary to satisfy a

11   number of objectives.  The sentence must reflect the

12   seriousness of the offense; promote respect for the law;

13   provide just punishment; adequately deter criminal conduct;

14   protect the public from further crimes by the defendant; and

15   provide the defendant with needed educational or vocational

16   training, medical care, or other correctional treatment in the

17   most effective manner.

18           To fashion a sentence that meets these objectives, the

19   statute directs me to consider particular factors:  The nature

20   and circumstances of the offense; the history and

21   characteristics of the defendant; the kinds of sentences that

22   are available; the sentence prescribed by the federal

23   sentencing guidelines; the need to avoid unwarranted sentence

24   disparities among defendants with similar records found guilty

25   of similar conduct; and in the appropriate case, the need for

1  restitution.

2          At the beginning of this hearing, I identified those

3  documents I had studied in preparing for the hearing, confirmed

4  with counsel that they and the defendant had had an opportunity

5  to consider those documents as well, confirmed that there were

6  no objections to the facts stated in the presentence report or

7  to the calculation under the guidelines.  There is a request

8  for a variance, but there is no request for any departure.

9          The place we start with regard to calculation of a

10  sentence is in accordance with the provisions of the federal

11  sentencing guidelines.  The Base Offense Level here for

12  violation of 18 U.S.C. Section 371 is set by sentencing

13  guideline Section 2X1.1.  And this section directs that the

14  Court use the base offense level from the substantive offense

15  plus any adjustments.  Here, the substantive offense is

16  misprision of a felony.  The United States Sentencing

17  Commission guideline for violation of 18 U.S.C. Section 4 is

18  Section 2X4.1, and the section states that the base offense

19  level is nine levels lower than the offense level for the

20  underlying offense, but in no event less than 4.  So here, it's

21  4.

22          There are no victim-related adjustments, no

23  adjustments for role in the offense, no adjustments for

24  obstruction of justice.  There are -- the offense level is

25  decreased by two levels, which is because the defendant has

1    accepted responsibility, and that results in a Total Offense

2    Level of 2.

3         The next component under the guideline calculation is

4    the calculation of criminal history.  The defendant has one

5    criminal history point, and that puts him in Criminal History

6    Category I.  With Criminal History Category I and an offense

7    level of 2, the guidelines recommend a custodial period of 0 to

8    6 months, supervised release of 1 to 3 years, probation of 1 to

9    3 years, a fine of 100 to $5,000, and special assessment of

10   $100 is recommended by statute.

11        The Government has asked for a probationary period of

12   at least 2 years.  That's consonant with the recommendation of

13   the probation officer.  The defendant has asked for a variant

14   sentence of, essentially, time served, no custodial period, no

15   supervised release, and no probation going forward.

16        This is a very low sentence calculation, and I realize

17   what has -- is being argued about is essentially whether there

18   is going to be probation or not.  The reason I asked the

19   questions that I did of Mr. Collins is because I wanted to be

20   sure that I understood whether Mr. Collins was going to be able

21   as well as be disinclined to associate with another version or

22   another motorcycle club.

23        My observation is this:  Mr. Collins standing before

24   the Court, I believe, truly does -- is not interested in

25   participating in a motorcycle club like the Hells Lovers

1    motorcycle club.  But I'm not concerned about today.  I'm

2    concerned about tomorrow and the next day and the day after

3    that, and he can change his mind.  And I'm also concerned that

4    he's preserved the opportunity to do that.  He has access to

5    two Harleys.  And they haven't been disposed of in either of

6    the bankruptcy cases, even though they are unencumbered.

7    Instead, they've been given in satisfaction or security to

8    Mr. Collins' dad.  And when he passed away, there is an

9    understanding that they belong to his mom.

10          Now, his mom doesn't ride Harleys, but he does.  So

11   what I see is that although today Mr. Collins really doesn't

12   want to be involved in a club, he still wants to preserve the

13   ability to ride the Harleys, and that creates the risk that at

14   some point he may want to be involved in a club in the future.

15   He may not think so today, but nothing prevents him from

16   changing his mind tomorrow or next week, except probation.  And

17   one of the thoughts that I had in looking at a sentence here

18   was a fine in lieu of probation.  But the only unencumbered

19   assets are those Harleys, and he's not willing to get rid of

20   them.

21          So I respect that, but I think under these

22   circumstances, because he has not really divested himself of

23   the ability to participate in the club, or a similar club, and

24   he has been involved for a very long time with this

25   organization, that a probationary term is appropriate.  And

1    moreover and more importantly, I think there should be a

2    condition in the terms of probation that prohibits him from

3    belonging to an organization engaged in any illegal activity.

4            And that means, Mr. Collins, that if you decide you

5    want to ride with your buds, you better be sure you're not

6    doing anything illegal.

7            I intend to impose a 2-year period of probation.  I

8    find that there is an inability to pay a fine, and therefore, I

9    do not intend to impose a fine.  I intend to impose the

10   standard conditions of -- standard conditions for a

11   probationary term and a special assessment of $100.

12           Any need for clarification, further explanation, or a

13   request for a continuance?

14           *MR. TILL:*  Not from the Government, Your Honor.

15           *MR. REISCH:*  Not on behalf of Mr. Collins, Your Honor.

16   Thank you.

17           *THE COURT:*  Thank you.

18           Ms. Glover, I'm having problems finding the sentencing

19   statement again.

20           *COURTROOM DEPUTY:*  Okay.

21           *THE COURT:*  Can you check?

22           *COURTROOM DEPUTY:*  Sure.

23           I'll just bring you one.  That will make it easier.

24   Ms. Means had an extra one.

25           *THE COURT:*  Thank you.  Thank you very much.

1          Then having determined the sentence in accordance with

2    the provisions of 18 U.S.C. Section 3553, pursuant to the

3    Sentencing Reform Act of 1984, it is the judgment of the Court

4    that the defendant, Gregory A. Collins, be placed on probation

5    for a term of 2 years.  While on probation, he will not commit

6    another federal, state, or local crime; he will not possess any

7    firearm as defined in 18 U.S.C. Section 921; and he will comply

8    with the standard conditions that have been adopted by the

9    Court.  There is no fine or restitution; and therefore, there

10   will be no condition related to that.

11         He will not unlawfully possess a controlled substance.

12   He will refrain from any unlawful use of a controlled

13   substance.  He will submit to at least one drug test within 15

14   days of placement on probation and at least two periodic tests

15   thereafter.  He'll cooperate in the collection of DNA as

16   directed by the probation officer.  And I impose a special

17   condition that prohibits him from associating -- association

18   with any organization or group engaged in illegal activity.  He

19   will pay a special assessment of $100.  No fine is imposed, but

20   the special assessment is due and payable immediately.

21         To the extent, Mr. Collins, that you have reserved a

22   right to appeal your sentence, you must exercise that right

23   within 14 days by filing a notice of appeal.  If your attorney,

24   Mr. Reisch, is unable to file or unwilling to file the notice

25   of appeal for you, you may request and I will direct the Clerk

1    of the Court to file a notice of appeal on your behalf.

2              Mr. Collins' bond will be exonerated.  Is there any

3    further business to bring before the Court?

4              *MR. TILL:*  No, Your Honor.

5              *MR. REISCH:*  No, Your Honor.  Thank you for your time.

6              *THE COURT:*  Thank you, Mr. Till; thank you,

7    Mr. Reisch; thank you to our probation officer, our marshal

8    staff, and our court staff.

9              Good luck to you, Mr. Collins.  We'll stand in recess.

10             (Recess at 10:33 a.m.)

11                        REPORTER'S CERTIFICATE

12

13        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.

14

15        Dated at Denver, Colorado, this 26th day of July, 2013.

16                                      s/Therese Lindblom

17                        _____

18                        Therese Lindblom,CSR,RMR,CRR

19

20

21

22

23

24

25